## 1216.  JACOBS *v.* THE STATE.

1. (*a*) Section 668 of the Penal Code is designed solely for the protection of landlords and landlords' liens. The operation of this section of the code is expressly confined to those who are about to give liens under § 2800 of the Civil Code, and who, upon being interrogated as to the existence, ownership, and amount of any prior lien, give false information. A concealment of the existence of any lien, when disclosure of the facts is in the proper manner required, is criminal only when the new lien given is a landlord's lien.

(*b*) An indictment for a violation of § 668 of the Penal Code is defective unless it avers that the information alleged to be false was given in response to inquiry, and unless it appears, from the accusation, that the lien taken in pursuance of such false information was a lien arising by operation of § 2800 of the Civil Code.

(*c*) An accusation drawn under the provision of § 668 of the Penal Code must allege such facts as show that the prior lien alleged to have been given by the accused was in fact a valid, subsisting lien upon the same property upon which the subsequent lien was given.

2. As against a proper demurrer, an accusation charging a violation of § 670 of the Penal Code by means of false representations must allege specifically: (*a*) knowledge of the existence of a prior lien; (*b*) knowledge of the falsity of said representations; (*c*) that the representations alleged to have been made were made with intent to deceive and defraud, and (*d*) that they did deceive and defraud. Each of these allegations is material in a prosecution for cheating and swindling by false representations; and a demurrer pointing out the absence of any one of them should be sustained.

Indictment for cheating and swindling, from city court of Camilla—Judge Scaife.    May 6, 1908.

Submitted June 30,—Decided July 8, 1908.

*Davis & Merry,* for plaintiff in error.

*Sam. S. Bennet, solicitor,* contra.

RUSSELL, J. The defendant in the court below excepted pendente lite to the overruling of his demurrer to an indictment for cheating and swindling; and having made a motion for new trial after conviction, he also excepts to the judgment overruling this motion.    The indictment charged the defendant with having given a mortgage on a certain bay mare named "Carrie Belle," to one H. P. Palmer, to secure certain indebtedness therein described, after having executed a mortgage to the Everett Mercantile Company upon the same property, the defendant falsely representing to Palmer, at the time of giving the second mortgage, that the animal described was free from any lien or encumbrance whatever. The defendant demurred, both generally and specially. The grounds of the special demurrer set up that the indictment was fatally defective for twelve reasons.    The first ground of the special demurrer is that the indictment fails to set out and allege the names of the members of the firm of Everett Mercantile Company; and the second is that it fails to allege that Everett Mercantile Company is a corporation.    Neither of these grounds possesses any merit; because the name imports a corporation.

The third ground of the special demurrer insists that the indictment fails to allege a valid existing lien in favor of Everett Mercantile Company on the property in question at the time of the execution of the second lien.    The language, "having executed and

given a mortgage to the Everett Mercantile Co. on one dark bay mare about seven years old, named Carrie Belle, as security for a debt of $104.00," imports the creation of a lien; and the language following, "as evidenced by a mortgage note dated Jan. 27th, 1906, and due Sept. 1st, 1906, witnessed by J. L. Barrow," sufficiently identifies the paper creating the lien, and its attestation, as between the parties. But the paper described in the indictment would not be a valid mortgage as to third parties within the terms of the Civil Code, § 2724, the mortgage not being attested by an officer.

The question raised by the fifth ground of the special demurrer is, whether it was necessary that the indictment should allege that the mortgage in favor of Everett Mercantile Company had not been paid and satisfied. In *French* v. *State,* ante, 462 (61 S. E. 836), we held that the mere existence of a prior mortgage or superior lien raised the presumption of loss and damage in such cases.

The ninth ground of the special demurrer calls attention to the fact that the indictment fails to set out that any loss resulted to H. P. Palmer because of the mortgage lien to the Everett Mercantile Company. If the prior mortgage in favor of the Everett Mercantile Company had been paid, the loss and damage (if any accrued to the prosecutor, and if the prosecution is to be construed as proceeding under § 670 of the Penal Code) could not be said to be traceable to the prior mortgage, and it must affirmatively appear, in an accusation based upon § 670 of the Penal Code, not only that the second lien was created with intent to defraud, but that it was in fact the cause of some one suffering loss,—the actual means whereby some one was defrauded.

We deem any further discussion of the grounds of the special demurrer unimportant, because, regardless of the special demurrers, we are of the opinion that the indictment should have been quashed upon general demurrer. The indictment must be based either upon § 668, § 669 or § 670 of the Penal Code, and yet the allegations are insufficient, under any of these sections, to sustain the accusation. Under the provisions of § 668, "A person who has given a lien under § 2800 of the Civil Code, or any other lien, shall, when giving a new lien under *said section* on the same property to another person, inform such person, *if interrogated as to the facts,* of the amount of such prior lien and to whom given. If he gives false information as to said facts, he shall be punished as for a

misdemeanor." If the indictment in the present case is predicated
on §668, it is defective, in the first place, in that it is not alleged
that the defendant was interrogated in order to obtain the in-
formation which he gave. In the absence of this allegation, the
indictment would be fatally defective, because, under the terms of
§668, there is no duty of disclosure except where the person giving
the lien is interrogated.

Furthermore, it is to be noted that the second lien, the giving
of which is by §668 made criminal, must be one of the liens in-
cluded in §2800 of the Civil Code; and nothing in the allegations
of the indictment indicates that the second lien given by the de-
fendant was a landlord's lien for supplies. If the State intended
to prosecute for a violation of §668 of the Penal Code, the second
lien should have been so particularly described as to bring it within
the terms of §2800 of the Civil Code. The language of §668 is:
"a person who has given a lien under §2800 of the Civil Code, or
any other lien, shall, when giving a new lien *under said section,*"
etc. It is manifest, therefore, that the only second liens referred
to in §668 are the liens referred to in §2800. The only purpose
of the act of 1873, from which §668 is taken, seems to have been
to require, for the protection of landlord's liens, truthful informa-
tion as to any other outstanding liens from those to whom land-
lords were about to make advances. This section applies only to
those who are about to give a lien under §2800.

Moreover as §2800 applies specifically to liens of landlords, and
the words "any other liens" in the second line of the section were
intended to include all liens other than landlord's liens (and con-
sequently mortgages are embraced), still the allegations of the in-
dictment should not only be sufficient to describe a prior mortgage
given by the defendant, the existence of which he concealed by a
false answer to the question, but must show that the lien, if a
mortgage, was executed and attested according to law, and was
entitled to probate; in other words, that the prior lien was not
only good as between the parties thereto, but also valid as to, and
superior to the liens of, third parties.

The accusation could not properly be based upon §669 of the
Penal Code; because this section relates only to sales of property,
or the conveyance of an interest of the grantor in such property,

whatever that interest may be; and it is not stated that the defendant knew the property to be subject to a prior lien.

It is insisted by counsel for the State that the indictment is sufficient to support a charge of the violation of §670 of the Penal Code; but we can not concur in this opinion. The language of §670 is: "Any person using any deceitful means or artful practices, other than those which are mentioned in this code, by which an individual or the public is defrauded and cheated, shall be punished as for a misdemeanor." An indictment based upon this section must allege: (*a*) knowledge of the existence of a prior lien; (*b*) knowledge of the falsity of said representations; (*c*) that the representations alleged to have been made were made with intent to deceive and defraud; and (*d*) that they did deceive and defraud. *Goddard* v. *State, 2 Ga.* App. 154. Each of these allegations is material, and the omission of any one would render the indictment subject to demurrer, if the accusation was based upon §670 of the Penal Code. None of these elements is distinctly charged in the indictment. Certainly it is not to ·be presumed, in the absence of any allegation to that effect, that it was intended in this indictment to charge distinctly, as must be done, that the representations were made with the intent to deceive. *Busby* v. *State,* 120 *Ga.* 858.

We are of opinion that the demurrer should have been sustained and the indictment quashed.                    *Judgment reversed.*