## 2583.  ISAACS *v.* THE STATE.

1. The accusation was sufficient to withstand a general demurrer. Even if a further amendment had been required, a special demurrer, pointing out the defect insisted upon, should have been filed. One ·who waives his right to be tried upon an accusation perfect in form as well as in ·substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the accusation, unless those defects are so great that the accusation, by reason of its failure to charge any offense, is absolutely void.
2. While it is essential that an accusation charging a violation of section 670 of the Penal Code shall state that the representations by means of which another was defrauded or cheated were made with intent to defraud, an averment that the representations were "fraudulently" made meets the requirement in this particular. A representation "fraudulently" made is one made with intent both to deceive and to defraud. To defraud necessarily includes to deceive. One can not be defrauded unless he is deceived in some respect.
3. The evidence authorized the verdict, and there was no error in refusing a new trial.

Accusation of cheating and swindling; from city court of Ashburn—Judge Tipton.    March 21, 1910.

Argued May 3,—Decided June 14, 1910.

*W. T. Williams, John B. Hutcheson,* for plaintiff in error.

*J. A. Comer,* solicitor, contra.

RUSSELL, J. · The defendant in the court below was convicted under an accusation alleging, that he "did then and there commit the offense of cheating and swindling by means of certain false and fraudulent representations then and there knowingly made by the said A. Isaacs to the said G. R. Luke, to wit: by knowingly, falsely, and fraudulently representing to the said G. R. Luke that a certain imitation diamond stud, then and there in the possession of the said A. Isaacs, was in point of fact a genuine diamond stud, and did then and there, by said false and fraudulent representation then and there knowingly made by the said A. Isaacs, defraud and cheat the said G. R. Luke, and damage the said G. R. Luke in the sum of $135.00, for that, by said false and fraudulent representation then and there knowingly made by the said A. Isaacs to the said G. R. Luke, the said G. R. Luke was then and there induced and persuaded to exchange and trade to the said A. Isaacs, for the said imitation diamond stud, one certain genuine diamond ring, then and there the property of the said G. R. Luke, and of the value of $135.00." The defendant demurred generally to the accusation, upon the ground that it charged no offense against the laws of the State of Georgia, and because the facts charged constitute no violation of any penal law of the State. The trial judge overruled this demurrer, after the accusation had been amended so as to charge the offense in the language above quoted; and the accused, by exceptions preserved pendente lite, complains that the judge erred in not quashing the accusation.

1. The special point now insisted upon is that the court erred in overruling the demurrer, because the accusation did not contain a statement of all the facts essential to charge the offense of cheating and swindling by false representations, as penalized by §670 of the Penal Code, and especially because the accusation fails to charge that the statements made by the defendant were made with intent to deceive and defraud. The cases of *Goddard* v. *State,* 2 *Ga. App.* 154 (58 S. E. 304), and *Jacobs* v. *State,* 4 *Ga. App.* 509 (61 S. E. 924), are cited in support of this proposition. We are of the opinion that there was no merit in the demurrer, and that the cases cited above are not apposite. The statement in regard to the representation is also qualified by the allegation that the

representation was made for the purpose of cheating and swindling the prosecutor, because it is averred that the representation charged to have been made by the defendant was all false and fraudulent, and was made for the purpose of defrauding said G. R. Luke.

2.   There is no merit in the point that the accusation fails to charge that the statements made by the defendant were made with intent to deceive and defraud.    As appears from the wording of the accusation, it is expressly alleged, that the representations made by Isaacs were knowingly, falsely, and fraudulently made; that the cheating was accomplished by the fraudulent representations referred to; and that the damage which Luke sustained was due to these fraudulent representations, in that by reason thereof the prosecutor was induced to make the exchange by which he gave a diamond worth $135 for a glass stud-pin worth $1.50 at wholesale.    It is essential, in any case of cheating and swindling which comes under the provisions of §670 of the Penal Code, that it shall be alleged that the statements by which another was defrauded were made with intent to deceive.    But it is not at all necessary that any particular verbiage shall be used, provided the idea is clearly and definitely conveyed by the language employed. In the accusation now before us it is distinctly stated more than once that the representations made by the defendant were knowingly false and fraudulent.    If the statements made were fraudulent, they must have been made with intent to deceive and defraud. Any statement made fraudulently is made with the intention that it shall both deceive and defraud.  · One can not be defrauded who acts with absolutely perfect knowledge of all the facts relating to the transaction, even though he may happen to sustain loss.    In such a case he may use bad judgment, but he acts upon a knowledge of the truth.    One must be deceived, in order to be defrauded. "To defraud" includes to deceive.    While the accusation in the present case does not in terms charge that the representations were made by the defendant with intent to deceive, it states it even more strongly by alleging that the representations made by the defendant were fraudulent.    In the case of *Wood* v. *State*, 48 *Ga.* 192 (15 Am. R. 664), on page 297 of the opinion, "fraudulent" is defined as something that will deceive, cheat, and mislead; inducing belief in what is not true and causing one to act upon such belief. In West *v.* Wright, 98 Ind. 339, it was held that the allegation that

lands were knowingly, falsely, and fraudulently represented to be clear of incumbrance was equivalent to the charge that the representations were made with intent to deceive. Inasmuch as accusations in the several city courts are amendable, the defendant, if he thought best to have the accusation fuller in any respect, should have specially demurred and called the attention of the lower court, as he has called the attention of this court, to the specific defect insisted upon. Even if the accusation had not been full enough in some of the essentials pointed out in the *Goddard* and *Jacobs* cases, supra, it was full enough to withstand a general demurrer; and the ruling in the case of *Lanier* v. *State, 5 Ga. App.* 472 (63 S. E. 536), applies. There was no error in overruling the general demurrer.

3. The evidence authorized the conviction of the defendant. The case turned upon whether the defendant knowingly represented that an imitation stud-pin, of very insignificant value, was a diamond. He stated it was an heirloom in his family. Its size indicated that if it was a diamond it was very valuable. Another question in the case, fairly submitted by the judge, was whether or not the prosecutor had such opportunity for investigating the spurious diamond, before the exchange, as that his loss could not be attributed to representations. Both these issues the jury settled adversely to the contentions of the defendant. It can not be said that the judge erred in refusing a new trial.

*Judgment affirmed.*