### 4071. ALBERT *v.* THE STATE.

A representation, although false and fraudulent and made with intent to cheat and defraud, does not constitute the statutory offense of cheating and swindling, unless the person to whom the representation was made was in fact cheated and defrauded thereby. The accusation, therefore, fails to show the commission of any offense, and the demurrer should have been sustained.

DECIDED APRIL 16, 1912.

Accusation of misdemeanor; from city court of Fitzgerald—Judge Wall. February 6, 1912.

*Elkins & Wall,* for plaintiff in error.

*A. J. McDonald, solicitor,* contra.

HILL, C. J. Wade Albert was convicted in the city court of Fitzgerald on an accusation charging him with the offense of cheating and swindling. The accusation charged that, "with intent to cheat and defraud the Josey Shoe and Clothing Company, the said Wade Albert did falsely and fraudulently represent to E. E. Roach, a member of the partnership firm of the Josey Shoe & Clothing Company, that he did not owe anything on a certain gold watch then in his possession, and that he owed nothing to the commissary of the receivers of the Atlanta, Birmingham & Atlantic Railway Company, and did then and there, by said false and fraudulent representation, induce said E. E. Roach, a member of the partnership firm of the Josey Shoe & Clothing Company, to sell to him, the said Wade Albert, the following merchandise, to wit: 1 pr.

shoes of the value of $4, one pr. sox of the value of 25 cents, one pair pants of the value of $5, one hat of the value of $5, one pr. gloves of the value of $1, aggregating $15.25, the said representation being wholly false and having been made falsely and fraudulently and with intent to deceive, and did deceive the said E. E. Roach, a member of the partnership firm of the Josey Shoe & Clothing Company, and the said Roach having relied upon the said false and fraudulent representations as being true, and, upon the faith of said false and fraudulent representations, sold to the said Wade Albert the aforesaid merchandise for the total sum of $15.25, and was thereby defrauded and cheated in the sum of $15.25, all to the loss and damage of the said Josey Shoe & Clothing Company." The trial judge overruled a general demurrer to the accusation; and to this judgment exception is taken.

We think the demurrer should have been sustained and the accusation quashed. The accusation is very loosely drawn and sets forth no offense. Both counsel for the plaintiff in error and the State seem to concur in the view that the accusation was framed under § 719 of the Penal Code of 1910, which is the general or omnibus section covering all other offenses of cheating and swindling not specifically provided for. It is somewhat difficult to tell, from the allegations of the accusation, whether this is true or not. It would seem to fall within the specific offense as covered by § 703 of the Penal Code of 1910, making it a misdemeanor to fraudulently obtain credit by false representations as to respectability, wealth, or mercantile correspondence and connections. The allegations of the accusation fail to show how the Josey Shoe & Clothing Company was cheated or defrauded by reason of the representations alleged to have been false. In fact the accusation fails to allege that the firm or copartnership was defrauded or cheated; it alleges only that E. E. Roach was defrauded and cheated by the false representations. However this may be, it is clear that, legally speaking, the representations could not have defrauded and cheated either the firm or Roach as a member of the firm. The gold watch which the accused is alleged to have stated that he had fully paid for could not have been a legal basis for any credit extended to him, because it could not have been seized or sold for his debts, it being exempt, as a part of his wearing apparel, from levy and sale; and the additional representation

alleged to have been made by the accused, that he did not owe the commissary of the receivers of the Atlanta, Birmingham & Atlantic Railway Company, does not fall within the category of deceitful means or artful practices, within the meaning of § 719, supra.

Even if the representation was false, unless the person relying upon it was damaged thereby it would be in a legal sense harmless; and there is no allegation in the accusation which discloses how this general statement could have resulted, even if false, to the injury of the party to whom it was made. The allegations of the accusation were palpably insufficient to show the commission of any offense, and the demurrer should have been sustained.

*Judgment reversed.*