### 9363. McNULTY *v.* THE STATE.

The charge of the court was properly based on section 703, and not on section 719, of the Penal Code of 1910; and, in the absence of a request for fuller instructions, the charge was sufficiently full as to intent to defraud.

Testimony as to a transaction which had no connection with the one under investigation was not admissible for the purpose of showing good faith on the part of the accused.

There was evidence to support the verdict.
DECIDED MARCH 6, 1918.

Indictment for cheating and swindling; from Gwinnett superior court—Judge Cobb. October 26, 1917.

*I. L. Oakes,* for plaintiff in error.

*W. O. Dean,* solicitor-general, *O. A. Nix,* contra.

BLOODWORTH, J. 1. The 4th ground of the motion for a new trial is but an amplification of the general grounds.

2. Under the allegations in the indictment in this case the judge properly based his charge to the jury on section 703, and not on section 719, of the Penal Code of 1910.

3. The court did not err in ruling out the evidence set forth in the 7th ground of the motion for a new trial, which it was insisted tended to show good faith on the part of the defendant; the evidence ruled out relating to a transaction which had no connection whatever with the one under investigation.

4. The indictment in this case is based on section 703 of the Penal Code of 1910, and contains all allegations necessary to charge the crime under that section. A part of the indictment is as follows: "Did then and there, unlawfully and with force of arms, falsely and fraudulently represent to E. H. McGee & Co., a partnership composed of E. H. McGee and J. W. McGee, with intent to cheat and defraud the said E. H. McGee & Co., as aforesaid, that he, the said John McNulty, alias John McNelton, had then on deposit in the Kansas State Bank, of Fort Scott, Kansas, the sum of eight ($800.00) hundred dollars and that he had on deposit in another bank at Fort Scott, Kansas, the name of which he did not give, the sum of three ($300.00) dollars, and that he was then and there the owner of one brick drug-store building in Fort Scott, Kansas, all of said statements and representations as to the money in banks and the ownership of the brick store were knowingly and designedly false, and made with the intention to deceive and defraud the said E. H. McGee & Co.," etc. In the motion for a new trial it was contended that the court erred in not charging the jury that before they would be authorized to convict the defendant, they must believe, from the evidence, that the representations were made with intent to defraud. The trial judge, in charging the jury, read the indictment and quoted to them the substance of section 703, supra, and then said: "It is for you to determine from the evidence, including the prisoner's statement, whether the defendant is guilty as charged; you consider all of the evidence that has been introduced to you, both that delivered from the stand, as well as the documentary evidence that you will have out before you, and ascertain from that evidence whether the charge as made in the bill of indictment has been sustained by evidence

which satisfies you of the guilt of the accused beyond a reasonable doubt;" and in instructing the jury on the form of the verdict the judge said: "If you believe, after an investigation of this character, that the defendant is guilty as charged, beyond a reasonable doubt, you would be authorized to so find. If, on the other hand, you do not believe the defendant is guilty as charged, or have a reasonable doubt in regard to his guilt, you would be authorized to find him not guilty." These instructions are sufficient as to "intent to cheat and defraud." In the case of *Hagood* v. *State*, 5 *Ga. App.* 80 (62 S. E. 641), Chief Judge Hill said: "If the indictment charges the offense in the language of the statute, and the evidence proves the charge as laid in the indictment, and the court instructs the jury as to the definition of the offense by the statute, nothing else can be required." Further in the same opinion it was said: "We think, therefore, that when the judge, in charging the jury in this case, gave the definition of the statutory offense, and frequently emphasized the fact that the evidence must establish a fraudulent conversion of the money of the company, he fully covered the principle of the request, and left to the jury no room to doubt that the defendant could not be convicted, unless he had converted the money of the company fraudulently and with intent to steal the same. If the correctness of the view here suggested needs any support, it is found in the interpretations which the courts have placed upon statutory offenses similar to that of larceny after trust, as defined by our code. The Supreme Court of California, after quoting the language of a statute substantially similar to ours, says: 'Embezzlement is a statutory offense, and it was not necessary for the court to go beyond the statute and tell the jury that the appropriation or conversion must be made with intent to steal the money.' People *v.* Cobler, 108 Cal. 538 (41 Pac. 401). The Supreme Court of Missouri, in commenting upon a similar statute, said: 'It is next objected that the indictment is insufficient for failure to aver the intent with which the defendant converted the money to his own use. Section 3555 does not in specific words make the criminal intent an element of the offense, further than is necessarily included in the words 'convert to his own use,' or 'shall make away with or secrete.' These words must be held to be tantamount to and synonymous with the words 'with intent to defraud; and to meet every requirement of the allegation of crim-

inal intent.' State *v.* Noland, 111 Mo. 473, 486 (19 S. W. 717, 717). 'An instruction that if the jury find from the evidence that the defendant unlawfully, fraudulently, and feloniously converted to his own use money he collected by virtue of his official position, they should find him guilty, was not erroneous as ignoring the criminal intent.' State *v.* Manley, 107 Mo. 364 (17 S. W. 800)." See also *Sadler* v. *State,* 9 *Ga. App.* 201 (70 S. E. 969) ; *Isaacs* v. *State,* 7 *Ga. App.* 799 (2) (68 S. E. 338); *Crawford* v. *State,* 4 *Ga. App.* 789 (3) (62 S. E. 501). If fuller instructions on this point were desired they should have been requested, as provided by section 6084 of the Civil Code of 1910.

5. There was evidence to support the verdict, which was approved by the trial judge, and this court will allow it to stand.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*