### 16839. SIMS *v.* THE STATE.

The court erred in giving in charge to the jury section 713 of the Penal Code of 1910, which provides that "A person who has given a lien under section 3348 of the Civil Code, or any other lien, shall, when giving a new lien under said section on the same property to another person, inform such person, if interrogated as to the facts, of the amount of such

prior lien and to whom given. If he gives false information as to said facts, he shall be punished as for a misdemeanor." This section was not applicable to the case, and the court made no reference to section 719 of the Penal Code, which was applicable.

DECIDED DECEMBER 15, 1925.

Indictment for fraudulent mortgage; from Wilkes superior court—Judge Perryman. August 21, 1925.

The indictment charged, that the defendant executed a mortgage on two horses to a named bank, and, with intent to defraud H. P. Thomas, represented to him at the same time that there were no other liens against said property, when there was in fact a lien against it, held by A. K. Dickey, and the defendant knew that the representation was false, and by said false representation induced H. P. Thomas to indorse his notes, payable to the said bank, for stated sums, and obtained thereon stated sums, which he failed and refused to repay, and for which Thomas was held liable, and which Thomas repaid, and that Thomas was thereby cheated and defrauded, etc.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J. 1. The headnotes in *Jacobs v. State,* 4 *Ga. App.* 509 (61 S. E. 924), are as follows: "1. (*a*) Section 668 of the Penal Code [section 713 of the Penal Code of 1910] is designed solely for the protection of landlords and landlords' liens. The operation of this section of the code is expressly confined to those who are about to give liens under § 2800 of the Civil Code [Section 3348 of the Civil Code of 1910], and who, upon being interrogated as to the existence, ownership, and amount of any prior lien, give false information. A concealment of the existence of any lien, when disclosure of the facts is in the proper manner required, is criminal only when the new lien given is a landlord's lien. (*b*) An indictment for a violation of section 668 [now section 713] of the Penal Code is defective unless it avers that the information alleged to be false was given in response to inquiry, and unless it appears, from the accusation, that the lien taken in pursuance of such false information was a lien arising by operation of § 2800 of the Civil Code [section 3348 of the Civil Code of 1910]. (*c*) An accusation drawn under the provision of § 668 [now section 713] of the Penal Code must allege such facts as

show that the prior lien alleged to have been given by the accused was in fact a valid, subsisting lien upon the same property upon which the subsequent lien was given. 2. As against a proper demurrer, an accusation charging a violation of § 670 of the Penal Code [section 719 of the Penal Code of 1910] by means of false representations must allege specifically: (*a*) knowledge of the existence of a prior lien; (*b*) knowledge of the falsity of said representations; (*c*) that the representations alleged to have been made were made with intent to deceive and defraud, and (*d*) that they did deceive and defraud. Each of these allegations is material in a prosecution for cheating and swindling by false representations; and a demurrer pointing out the absence of any one of them should be sustained."

Under the foregoing rulings, the indictment in this case is fatally defective if treated as based upon § 713 of the Penal Code of 1910, but is good under § 719 of that code. (There was no demurrer to the indictment.) The judge charged § 713, quoting it, but made no reference to § 719. It is true that "Defects in an indictment afford no ground for a new trial. Exceptions which merely go to the form should be made before trial. For matters affecting the real merits, the remedy, after trial, is by motion in arrest of judgment" (*White* v. *State,* 93 *Ga.* 47 (1), 19 S. E. 49), yet where the judge based his instructions to the jury on § 713 of the code, which was inapplicable to the case on trial, and made no reference to § 719, which was applicable, this was error, as the crime defined by the last-named section as interpreted by this court (*Goddard* v. *State,* 2 *Ga. App.* 154, 58 S. E. 304; *Jacobs* v. *State,* 4 *Ga. App.* 510 (2), 61 S. E. 924) contains elements which it is necessary to allege and prove, different and distinct from those necessary to be alleged and proved under section 713.

2. The other allegations of error in the motion for a new trial, which are not covered by the above ruling, need not be considered, as they are of such a nature that they are not likely to recur upon another trial of the case.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*