22681. FISCHER *v.* THE STATE.

DECIDED DECEMBER 24, 1932.

*Shelby Myrick, Charles E. Donnelly,* for plaintiff in error.

*Walter C. Hartridge, Julian Hartridge, solicitors-general,* contra.

MacINTYRE, J. Count 1 of the indictment in this case charged that John W. Fischer, Harry Kramer, and Mrs. D. Kramer, by the use of deceitful means and artful practices, did cheat and defraud the Southern Wholesale Corporation out of certain enumerated articles of the total value of $2,181.24; for that "the said John W. Fischer, who was then and there employed by said corporation in the capacity of bookeeper and cashier, then and there knowingly, falsely, and fraudulently represented to the said corporation and to one Edwin M. Frank, its agent and credit man, that the said Mrs. D. Kramer then and there owed the said Southern Wholesale Corporation on said date and at said time an amount of money less than $2500.00, and the said Mrs. D. Kramer and the said Harry Kramer then and there also representing to the said corporation and to its said agent that she, the said Mrs. D. Kramer, owed said corporation but said amount at said time; the said John W. Fischer, Harry Kramer, and Mrs. D. Kramer knowing at the said time that the said Mrs. D. Kramer had a credit limit and line of credit with said corporation amounting to the sum of $2500, and no more, and that the said Mrs. D. Kramer had no authority or permission of said corporation to purchase or receive on credit from said corporation at any one time goods amounting to any more in value than when added to the amount which she then owed unto said corpora-

tion could not exceed the said sum of $2500, the said Fischer being as aforesaid in the employ of said corporation in said capacity of bookkeeper and cashier, and it being his duty to inform the said corporation through the said Edwin M. Frank its agent and credit man as aforesaid, the amount of the indebtedness which the said Mrs. D. Kramer owed said corporation from time to time as new purchases by her were sought, when in fact and in truth at the time and upon the occasion when the said representations were so made to the said corporation and its said agent by the said defendants, that the said Mrs. D. Kramer then owed the said corporation the sum of money as aforesaid for goods purchased by her, said Mrs. D. Kramer, from said corporation, all of the defendants then and there well knew that the said Mrs. D. Kramer owed the said corporation the sum of $4303.55 in money, and upon the strength of the foregoing false and fraudulent representations which the said defendants then and there well knew were false at the time they so made them, and which were made by them with an intent to defraud, and which did deceive and defraud the said Southern Wholesale Corporation and its said agents, did thereby obtain said property from the said Southern Wholesale Corporation, who, then and there relying upon the said representations so made to it and to its said agent to be true, was thereby induced to part with its said property; contrary to the laws of the said State, the good order, peace, and dignity thereof." The remaining five counts are practically identical with count 1, except as to the articles obtained and the amount of Mrs. Kramer's indebtedness, which as alleged in the last count exceeded $13,000.

The defendant demurred to each count of the indictment on the ground that it was indefinite and insufficient, and demurred specially on the ground that the defendant was entitled to have the indictment set forth the exact amount of money less than $2500 which he is alleged to have represented to the said corporation was owing to it by the said Mrs. Kramer. The false representation is the foundation upon which all the elements of this charge of cheating and swindling are based, and it is of course necessary to allege clearly what the false representation was; and we construe the indictment as alleging that the false representation by John W. Fischer was that the said Mrs. D. Kramer then and there owed the Southern Wholesale Corporation on said date and at said time an

amount of money less than $2500, though he did not specify the exact amount owed, but simply stated that it was less than $2500; and that Mrs. D. Kramer and the said Harry Kramer then and there also represented to the said corporation and its said agent that she, the said Mrs. D. Kramer, owed said corporation but "said amount" at said time, the words "said amount," as so used, meaning an amount less than $2500, they also not specifying the particular amount, but simply stating that it was less than $2500. The court properly overruled the first and third special grounds of the demurrer.

The second special ground of the demurrer contends that it .is not set out in every count of the indictment whether the alleged misrepresentations of the defendants were made jointly or severally by said defendants, or with a joint and common purpose and intent, and whether made at different times and not in the presence of each other. The allegations contained in the various counts sufficiently charged that the misrepresentations were made by the defendants with a joint and common purpose to defraud, and this ground of the demurrer is without merit.

The essential elements of an indictment for the offense of cheating and swindling by false representations are that the representations were made, that they were knowingly and designedly false, that they were made with the intent to deceive and defraud, that they did deceive and defraud, that they related to an existing fact or past event, that the party to whom the false statements were made, relying upon their truth, was thereby induced to part with his property. See *Goddard* v. *State, 2 Ga. App.* 154 (58 S. E. 304); *Jacobs* v. *State, 4 Ga. App.* 509 (2) (51 S. E. 924). The indictment in the instant case alleged all of these elements, and the trial judge properly overruled the general and special grounds of the demurrer thereto.

*Judgment affirmed. Broyles, C. J., concurs.*

HOOPER, J., dissenting. In my opinion the words "but said amount at said time," appearing in each count of the indictment, should be construed as referring to said amount of $2500, and not to an indefinite amount less than $2500. To say the least there is serious question as to the meaning of this phrase, and I think the special demurrer to the indictment should have been sustained.