## 32832. Douglas v. The State.

Gardner, J. The defendant was convicted under Code § 13-9933. His motion for a new trial was overruled, and he assigns error here. The facts are that the defendant was in prison in Quincy, Florida, and the prosecutor, Tifton Mills, went to Quincy and obtained the release of the defendant. The defendant thereafter executed to Mills a note for $300 to compensate Mills for the amount expended for the release of the defendant. Thereafter, when the note was past due, the defendant gave to Mills a check for the amount of the note. At the time the check was given, the defendant did not obtain the note. So far as the record reveals, Mills had possession of the note at the time of the trial. The defendant did not have sufficient funds or credit at the bank on which the check was drawn to pay the check, and the bank refused to pay it.

Under the section of the Code above cited, the transaction as outlined did not constitute a crime. The transaction in the instant case is almost identical with the facts in the case of *Berry* v. *State*, 153 *Ga.* 169 (111 S. E. 669). See also *Driskell* v. *State*, 47 *Ga. App.* 741 (171 S. E. 389); *Mathewson* v. *Ruben*, 55 *Ga. App.* 837 (191 S. E. 499); *McGee* v. *State*, 97 *Ga.* 199 (22 S. E. 589); *Albert* v. *State*, 11 *Ga. App.* 93 (74 S. E. 714). This court, in the case of *Mobley* v. *State*, 13 *Ga. App.* 728, 733 (79 S. E. 906), dealing with the general principle of law governing transactions similar to the one involved in the instant case, said: "In all cases, civil or criminal, where fraud is claimed to have been committed, the charge fails when it appears that no loss resulted from the act alleged to have been fraudulent. No loss, no fraud. This is true in law at least, and we think it is also sound in morals."

What we have said is controlling on the general grounds. The special grounds are immaterial.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*

Decided January 28, 1950.

*Custer & Kirbo, Thomas A. Clark,* for plaintiff in error.

*M. E. O'Neal, Solicitor,* contra.