## 33764. WILSON *v.* THE STATE.

Decided October 4, 1951.

*Dorsey Davis, Fred A. Gillen,* for plaintiff in error.

*Preston M. Almand, Solicitor, Eugene A. Epting,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The second ground of demurrer has been deleted from the record in this case. Grounds 1, 3, 4, and 5 attack the petition generally on the grounds that it fails to charge the defendant with any offense, is duplicitous, shows that no loss was sustained by the prosecutor or National Bank of Athens, and shows that the payment of J. C. Stiles was a voluntary payment.

"The essential requisites in the offense of cheating and swindling by false representations are: (a) that the representations were made; (b) that they were knowingly and designedly false; (c) that they were made with intent to deceive and defraud; (d) that they did deceive and defraud; (e) that they related to an existing fact or past event; (f) that the party to whom the false statements were made, relying on their truth, was thereby induced to part with his property." *Goddard* v. *State,* 2 *Ga. App.* 154 (58 S. E. 304); *Jacobs* v. *State,* 4 *Ga. App.* 509 (2) (61 S. E. 924); *Fischer* v. *State,* 46 *Ga. App.* 207 (167 S. E. 200). The accusation charges that the defendant falsely represented to J. C. Stiles that she was the owner of certain farm machinery, for the purpose of inducing him to indorse a note to the bank secured by a bill of sale to such machinery, and that this was untrue, but that Stiles, relying upon the representation, did en-

dorse the note and was thereby induced to undergo a liability because of which he was forced to part with the sum of $800. The mere fact that his monetary loss was delayed until after the note was dishonored and demand made upon him for payment under the terms of which he became legally liable for immediate payment under Code § 14-607, relating to the liability of an endorser, does not affect the allegation that he was forced to part with $800, since his liability, contingent only upon a default by the defendant, became fixed at the time he endorsed the note, and that he did endorse it in reliance upon the defendant's representations. Even though the accusation shows on its face that a part of the sum so paid out by Stiles could not be made the basis of the offense charged because it related to a pre-existing debt, this would not vitiate the accusation, but would be ground for a special demurrer directed at that part of the indictment. Nor does the fact that the false representations were also made to the bank which paid out the money in the first instance render the petition duplicitous, since no crime is charged in the accusation with reference to the bank. This case is distinguished from *Oliver* v. *State*, 15 *Ga. App.* 452 (83 S. E. 641), in that there the third party who paid off the defendant's debt to the store did not do so because of the false representations of the defendant to him, and was not legally liable to pay the debt in any event. Here, the reverse is true, and these grounds of demurrer are without merit.

■ There is no misjoinder of offenses, as alleged in the sixth ground of demurrer. The accusation sets out an offense under Code § 26-7410, providing that any person using deceitful means or artful practice other than those mentioned elsewhere in Chapters 26-74 and 26-75, whereby another is defrauded, shall be punished as for a misdemeanor. No offense is set out under Code § 26-7407 relating to false representations of solvency for the purpose of obtaining security, since it is not alleged that the defendant represented herself to be solvent. For these reasons also, the fourth ground of the amended motion for a new trial, complaining that the court erred in charging the jury in the language of Code § 26-7410, is also without merit.

■ The first two grounds of the amended motion for a new trial complain of the introduction in evidence, over objection,

of the note endorsed by the prosecutor and the bill of sale securing the same and containing a description of the property concerning which the false representations were allegedly made and testimony that these referred to the same transaction. The documents themselves constituted the best evidence of their contents, and showed that the defendant did claim ownership of the machinery and did obtain a loan by pledging the same as security; that they were parts of the same transaction, upon which the charge was founded; and the State was entitled to introduce them to prove certain material allegations in the accusation. These objections are without merit.

■ Special ground 3 complains of the introduction in evidence of a mortgage fi. fa. against the defendant and in favor of the prosecutor in a foreclosure proceeding on the machinery described in the bill of sale, and a certified copy of the claim interposed in these proceedings by Swayne and James P. Wilson. It was held in *Kinard* v. *State*, 1 *Ga. App.* 146 (3), (58 S. E. 263), that, upon the trial of a person charged with cheating and swindling by making false representations as to the ownership of property, claim affidavits filed by third persons to a levy upon certain property described as the property of the defendant are not admissible in evidence. Certainly the mere filing of a claim affidavit in such a proceeding does not prove ownership of the property, and is not relevant upon the issues of the criminal trial. In the present case, however, the testimony of Swayne Wilson that he owned the property was not objected to, and the defendant herself admitted that she was not and had not been the owner of the machinery, her contention being that these facts were also known to the prosecutor. In consequence, any error in admitting the documentary evidence objected to was harmless to the defendant here.

■ Special ground 5 complains of the form of the sentence, which, among other things, provided for probation upon payment of costs and restitution of $800 to the prosecutor. "Objection that a sentence imposed in a criminal case is for any reason illegal or irregular cannot be made the ground of a motion for a new trial." *Montgomery* v. *State*, 40 *Ga. App.* 507 (2) (150 S. E. 451); *Morris* v. *State*, 44 *Ga. App.* 765 (162 S. E. 879);

*Cox* v. *State* 67 *Ga. App.* 618, 620 (21 S. E. 2d, 283) ; *Gore* v. *State,* 162 *Ga.* 267 (11) (134 S. E. 36).

■ The accusation here charges the defendant with defrauding the prosecutor of $800. However, it appears without dispute that, of this sum, $500 was received from the bank and paid immediately to the prosecutor in payment of a pre-existing debt. It is essential to the legality of a conviction for cheating and swindling that the person alleged to have been defrauded and cheated shall have sustained some pecuniary loss. *Busby* v. *State,* 120 *Ga.* 858 (48 S. E. 314); *Daniel* v. *State, 63 Ga. App.* 12 (3) (10 S. E. 2d, 80) ; *Turnipseed* v. *State, 53 Ga. App.* 194, 200 (185 S. E. 403). It is clear that the bank sustained no pecuniary loss because, upon refusal of the defendant to pay the debt when it became due, it demanded and received payment from the endorser. The fraud alleged by the prosecutor was that he was induced to endorse the note because of the defendant's false representation that her own collateral security was good for the debt, which was untrue but which, if true, would have saved the prosecutor from any pecuniary loss in the transaction.

However, at the time he endorsed the note, the defendant owed him $500 for past-due rent, which sum he received out of the proceeds of the note, and which he was forced to repay to the bank, together with an additional $300, in satisfaction of his liability as endorser. After so doing he was in no worse position with reference to the pre-existing debt for rent than he had been before, for which reason he was not deprived of any right, property, money, or other thing of value. In consequence, as to the sum of $500, no crime is set out, there being no loss. See *Berry* v. *State,* 153 *Ga.* 169 (111 S. E. 669); *Douglas* v. *State,* 80 *Ga. App.* 761 (57 S. E. 2d, 438). As to the remaining $300, the bill of sale which was transferred to the prosecutor by the bank upon payment, and upon which instrument he instituted foreclosure proceedings, secured one John Deere tractor with disc plow and harrows, one Allis Chalmers combine (listed in the accusation), and two Jersey cows, registered, Nos. M50 and M86 (not listed in the accusation.) The note states that it is secured by "one bill of sale covering farming equipment and cows." The mortgage fi. fa. shows that it is to be levied

upon all this property, including the two cows. The claim affidavit and testimony of Swayne Wilson affirmatively show that no claim was made as to ownership of the cows. Presumably, therefore, they belonged to the defendant. Their disposition is not shown and it does not appear whether they were appropriated to the extinguishment or partial extinguishment of the debt. Had the cows been levied upon and sold, and had their value been as much or more than $300, the prosecutor would have suffered no loss. In *Daniel* v. *State*, supra, it was held that, where the evidence merely shows representations by the defendant that she owned certain property unencumbered by mortgages, upon the faith of which a mortgage was taken, and where a prior first mortgage was in fact of record against the property, this alone does not prove loss, in the absence of a showing that the property, when sold, did not realize a sufficient sum to pay off both mortgages. Here, it is not shown that the prosecutor failed to realize from the security sums sufficient to cover the amount of which he claimed he had been defrauded. The evidence, in consequence, fails to show loss to the prosecutor, and is insufficient to support the verdict.

The trial court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. MacIntyre, P. J., and Gardner J., concur.*