A89A1315. HARRELL v. THE STATE.
(386 SE2d 676)

Deen, Presiding Judge.

The appellant, Theodore Harrell, was convicted of theft by deception, stemming from his purported purchase of a new motor vehicle. On January 26, 1988, after negotiating a purchase price of $25,000, Harrell presented a draft for that amount to Carrollton Car Center, and drove the vehicle home. Harrell had typed the draft on a blank form which he had obtained from a local C & S National Bank in Carrollton, Georgia; this draft bore the C & S logo but not an account number, and indicated that the draft was payable through Harrell's Quality Control Systems, Inc., in Lake Park, Georgia.

The following morning, the owner of the car dealership reviewed the paperwork for the sale and was alarmed when he noticed that the draft bore no account number. Contact with the local C & S bank revealed no bank account for either Harrell or the corporation. The dealership owner notified the police about the transaction, but later that day recovered the vehicle when he and the salesman, while driving around trying to find Harrell, observed Harrell pull over to use a pay telephone. Harrell and his wife then left the area, and he was subsequently arrested in south Georgia. *Held*:

1. Harrell contends that the trial court erred in denying his motion for directed verdict of acquittal because there was a fatal variance between the indictment and the evidence at trial. The indictment charged Harrell with theft by deception "in that he did intentionally create the impression of another, Clarence Deese [the salesman], of an existing fact, to wit: that said accused had an account at C & S Bank under the account name of Harrell's Quality Control Systems, Inc., and presented a bank draft in the amount of $25,000, with said account named, which was false and which the accused knew to be false." Although the salesman acted under a contrary impression, the evidence was uncontroverted that the draft Harrell tendered as payment for the vehicle actually was not a bank draft.

" 'The general rule that allegations and proof must correspond based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be

enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' [Cit.]" *DePalma v. State*, 225 Ga. 465, 469-70 (169 SE2d 801) (1969). Despite its mischaracterization of the instrument as a bank draft, the indictment adequately informed Harrell of the charge against him so that he could prepare a defense and so that he was protected against another prosecution.

Harrell also contends that a fatal variance existed inasmuch as the indictment did not inform him of the State's intention to disprove the existence of the corporation indicated on the draft, thus surprising him and preventing him from being able to defend by obtaining evidence of the corporation's existence. However, although the State's attempt to disprove the corporation's existence, adduced as proof of a deceitful intent, may have surprised Harrell, it did not create a variance between the allegation and the proof.

2. Harrell points out that in cases construing the old cheating and swindling laws from which OCGA § 16-8-3 descended, this court found proof of pecuniary loss by the person alleged to have been cheated to be essential to a conviction. See *Wilson v. State*, 84 Ga. App. 703 (6) (67 SE2d 164) (1951). OCGA § 16-8-3, however, provides that "[a] person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." The evidence showed that Harrell obtained the property of the dealership, albeit for less than one day, and this was sufficient under the statute; we find no requirement of proof of pecuniary loss.

3. Harrell next contends that the trial court erred in not striking as inadmissible hearsay testimony of the former vice-president and branch manager of the local C & S bank about Harrell's approaching the bank and discussing transferring funds from his account in another C & S bank in another county. However, immediately preceding this testimony, the bank employee who actually discussed this matter with Harrell testified to essentially the same facts. "Proof of the same facts by legally admissible evidence renders harmless any admission of inadmissible evidence." *Crawford v. State*, 178 Ga. App. 739, 739-40 (344 SE2d 533) (1986).

4. The evidence authorized a rational trier of fact to find Harrell guilty beyond a reasonable doubt of theft by deception in violation of OCGA § 16-8-3. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989 —

Ralph H. Witt, for appellant.
William G. Hamrick, Jr., District Attorney, Monique F. Kirby, Assistant District Attorney, for appellee.