A91A0921. WILBURN v. THE STATE.
(410 SE2d 321)

Banke, Presiding Judge.

The appellant was charged by accusation with eight counts of misdemeanor theft by deception based on allegations that he had obtained wages from two employers through the creation of a false impression of fact by working for both of them during the same period of time under employment agreements requiring him to work for each of them exclusively. He was tried before a jury and found guilty on four of the eight counts. In this appeal from the denial of his motion for new trial, he contends that the evidence was insufficient to support a verdict of guilty on any of the counts.

While employed as a police sergeant by the City of Augusta Police Department, the appellant was retained by two private businesses, namely, the Landmark Hotel and the Upton Management Company, to work as a security officer during his off-duty hours. His duties for the Upton Management Company involved patrolling the "Olde Town" section of the city as a member of a private security force known as the Olde Town Police. It was established at trial that the Olde Town area of Augusta encompasses several square blocks, including the one where the Landmark Hotel is located. Pursuant to his oral employment agreement with Upton Management, the appellant was paid a fixed salary every two weeks for which he was to work 56 hours during each 28-day period; however, his salary remained constant even if he worked fewer hours than that during any such period. It was shown that when members of the Olde Town security force were unable to work full shifts, they "would work it out with each other to make up [the time]." While there was no contractual provision requiring the members of the Olde Town security force to work exclusively within the Olde Town area during a given shift, there was an "implied understanding" that they would do so. When the Upton Management Company's property manager was asked whether the appellant had provided Olde Town with the services for which he was paid during the period of time at issue, he responded, "For the most part, yes."

The appellant's supervisor with the Landmark Hotel testified that on-duty officers "normally . . . would be expected to stay around the hotel or parking lot" but that "there was no written rule that they be on the premises" and that on a slow night they "could perform their duties and still have free time." He further testified that he had received no complaints regarding the appellant's work performance.

The hotel's general manager testified that the appellant had performed his duties satisfactorily during the period in question and had not deceived the hotel out of any money. The appellant similarly testified that he had performed the services required of him by both companies on the days in question, as reflected by the activity logs which he had maintained for them, and that he had not intended to deceive them. It was shown that neither company had expressed a desire to pursue criminal charges against the appellant. *Held*:

The offense of theft by deception is defined by OCGA § 16-8-3 as follows: "(a) A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property. (b) A person deceives if he intentionally: (1) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; . . . (c) 'Deceitful means' and 'artful practice' do not, however, include falsity as to matters having no pecuniary significance. . . ."

" 'The purpose of this law is not to enforce the contract to perform services, but to punish the fraudulent procurement of money, or other thing of value under the contract. Because of the nature of this law, and lest it be abused, the courts have been strict in requiring the State to allege and prove those things which, under the statute, are necessary for a conviction. To make a prima facie case, the State must prove, among other things, a definite contract; that the defendant failed to perform the services so contracted for, without good and sufficient cause; and that he failed to return the money so advanced . . ., without good and sufficient cause, and all to the loss and damage to the hirer. . . .' [Cit.] Furthermore, '(b)efore a prosecution can be successfully maintained under this act, the burden is upon the State to show that loss or damage was actually sustained by the hirer. . . .' [Cit.]" *Holt v. State*, 184 Ga. App. 664, 665-666 (362 SE2d 464) (1987).

The accusation against the appellant charged him with obtaining wages by "creating an impression of existing fact, i.e., that he had performed security patrol services under an agreement to perform said services exclusively for [both employers] at the particular time, which impression [was] false and which the accused knew to be false and which was done with the intention of depriving [both employers] of their property." Inasmuch as the evidence did not establish that the appellant's employment with either of the two companies in question had been conditioned on any express promise or representation by him to the effect that he would work exclusively for those companies, and inasmuch as both employers denied that the appellant had received any compensation to which he was not entitled, we hold that the evidence was insufficient to support the convictions. Compare

*Harrell v. State,* 192 Ga. App. 876 (2) (386 SE2d 676) (1989).
*Judgment reversed. Beasley, J., concurs. Carley, J., concurs in judgment only.*

DECIDED SEPTEMBER 3, 1991.

*Charles L. Wilkinson III,* for appellant.
*Robert W. Hunter III, Solicitor, Carl P. Dowling, Assistant Solicitor,* for appellee.