## 29488. POSTON v. THE STATE.

HILL, Justice.

Appellant Poston and two others, Connors and Gibson, were jointly indicted, tried, convicted and sentenced to twenty years for the armed robbery on April 9, 1971, of King Harry's Music Service in Richmond County.

At the trial the state called four witnesses, two witnesses to the offense and two sheriff's officers. The office manager of the robbed establishment testified that a man entered, pulled a gun, and then a second man entered, wearing a hat, wig and dark glasses. The manager identified defendant Connors only, the man who entered first. A co-worker who arrived during the course of the robbery saw a car parked outside. Once inside he was met by a man wearing a hat and black glasses. This witness was able only to possibly identify the driver of the vehicle parked outside, defendant Gibson. Neither of these witnesses identified appellant.

According to the testimony of one of the officers, defendant Gibson, out of the presence of the other defendants, confessed that he was the driver, that he went along on the robbery with Connors and Poston, and that after the robbery they went to Tennessee. The officer also testified that defendant Connors, out of the presence of the others, confessed to entering the establishment first, to having the gun, and to going to Tennessee. According to this testimony, defendant Connors named Gibson and appellant as the other men.

Regarding appellant Poston, the officer testified

outside the presence of the jury, as follows: "A. I advised him that he had the right to remain silent, that he had a right to have a lawyer present, that if he could not afford one, the state would appoint him one, that if he did decide to make a statement, that he could stop at any time that he wished, I asked him did he understand it, and he said he did. The only statement that David made in any way, was that we were discussing another case . . . Q. That was a murder case? A. Yes sir. . . And, he made a statement — the only statement that he made in any way, shape, form or fashion, was that, 'You might have me on the other one, but you ain't got nothing on me on the murder.' Q. That's all he said? A. That's the only statement. Q. The robbery — you're talking about this robbery aren't you? A. Yes sir."

Having been cautioned by the judge not to mention the murder charge, when the jury returned the officer's testimony was as follows: "A. I told him that he had a right to remain silent. He had a right to have an attorney present. That if he could not afford an attorney, that the State would appoint him an attorney, that if at any time he decided to make a statement that he could and he could stop at any time. I asked him 'Did he understand these rights,' and he said he did. Q. What did he say? A. The only statement that he made . . . [was] 'You might have me on the robbery, but I don't know what this one is you're talking about here.' Q. The robbery, that's concerning the robbery of King Harry's Music Service on April 9th? A. Yes sir."

The three defendants were not interrogated jointly. When asked whether he had told appellant of the confession by Connors, including Connors' statement regarding appellant's part in the robbery, the officer testified that appellant said "No comment."

Defendant Connors testified that on the day of the robbery he was in Tennessee. Defendant Gibson testified that at the time of the robbery he and appellant were at Fred Duncan's grocery store playing pool. Fred Duncan's testimony supported this alibi. The state's fourth witness sought to impeach Duncan. Appellant did not take the stand. The jury found him guilty along with the co-defendants.

We reverse for the reasons and on the grounds specified below.

1. Appellant has enumerated as error the overruling of repeated defense objections and motions to strike testimony and for mistrial based on the grounds that the officer's testimony as to statements of the two co-defendants was not admissible as evidence, having been made outside appellant's presence.

The attorney representing the three defendants at the trial objected to the testimony on the ground that it was inadmissible. Such testimony was admissible as against at least one of the co-defendants in each instance. Code § 38-414. The trial court was not requested to limit the admissibility of such testimony to the co-defendant against whom it was admissible. We find no error here.

2. However, appellant enumerates as error the overruling of the general grounds of his motion for new trial based upon insufficient evidence as to identity. He points out that the confessions of his co-defendants were hearsay as to him and that neither witness to the crime identified him.

The record is clear that the witnesses to the crime did not identify appellant. The confessions of the co-defendants, made outside appellant's presence, were hearsay as to him and will not support the verdict. *Hill v. State,* 232 Ga. 800 (1) (209 SE2d 153). Thus the only usable evidence possibly implicating appellant was his statement: "You might have me on the robbery . . ." and his "No comment" when confronted with the confession of a co-defendant. The appellant contends, however, that the Miranda warning given him was incomplete (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974)), in that he was not informed that his statements could be used against him, which was the very thing that happened. No objection was made at the trial to the inadequacy of the Miranda warning.

Without undertaking to rule upon the Miranda issue raised for the first time on appeal (*Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221)), we find that appellant's statements: "No comment" and "You might have me on the robbery . . .", were not confessions (*Robinson v. State,* 232 Ga. 123 (2) (203 SE2d 10)), and whether or not they

are incriminating admissions, standing alone, they will not support the verdict. See Code § 38-420.

We therefore hold that the trial court erred in overruling the appellant's motion for new trial on the general grounds.

Appellant's remaining enumerations of error involve the court's instructions to the jury as to confessions and flight. In view of the foregoing disposition of this case, it is unnecessary to decide the remaining issues.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 25, 1975.

*O. L. Collins,* for appellant.
*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.