## 30726. COACHMAN v. THE STATE.

HALL, Justice.
Coachman appeals from a murder conviction and life sentence. He was indicted, tried and convicted along with his co-defendants Hill and Gatlin.

On May 24, 1974, Jean Eberhardt, who lived with the murder victim Green, accepted a ride in Gatlin's car. Coachman was also in the car. While in the car, Gatlin gave Eberhardt a pistol which she placed in her purse. Later Green observed her leaving the car and began arguing with her about the ride with Gatlin and Coachman. Green took Gatlin's pistol from Eberhardt during the altercation. Green's brother and cousin then took Green and Eberhardt to their home. When the brother and cousin returned to the area where the altercation had taken place they found all three defendants there. Hill had a "long shiny gun" which he carried by his side and asked what was wrong. Gatlin replied "He's got my gun, man." Hill said "Let's go," and he, Gatlin and Coachman drove off in Gatlin's car.

At the house where they lived, Green hit Eberhardt with Gatlin's pistol and then placed the weapon in a hole in the ceiling. A few minutes later the three defendants arrived at the house in Gatlin's car. All three went up on the porch with Hill in the center and with Coachman and Gatlin flanking him. Green went to the door and ordered them to leave. All of them talked at the door for about five minutes. Hill held a gun in his hand, and as Eberhardt

ducked behind a chair, she heard a shot. She found Green shot and bleeding. The car was observed leaving the driveway without its lights and with three persons inside. Green was taken to the hospital and died two days later as a result of the gunshot wound. Gatlin and Hill were arrested a short time after the incident. Coachman surrendered on June 6. The defense presented no witnesses at the trial.

1. Appellant contends the trial court erred by failing to order a severance as to Coachman because of a continuous verbal altercation during the trial between counsel for a co-defendant and the prosecuting attorney which caused Coachman's counsel and case to be totally ineffective. His reliance on the decision of this court in *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975) is misplaced. The right to a severance under both the Georgia law and the American Bar Association Standards Relating to the Administration of Criminal Justice arises only upon an appropriate motion. No motion to sever having been made in the trial court, the contention is without merit. Furthermore, we find no prejudice under *Cain,* supra, in the trial of this case.

2. Appellant contends that the trial court erred by allowing hearsay evidence, namely, Hill's and Gatlin's statements made in the hearing of Green's brother and cousin, to be introduced and attributed to Coachman as a co-conspirator, when there was no prima facie showing made that he was a part of any conspiracy which might have existed. No objection was made to the admission of this testimony, and the question may not be raised for the first time in this court. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221) (1951). Moreover, even assuming the statements were hearsay, they were admissible against Gatlin and Hill either as declarations by their co-conspirators or as part of the res gestae. Code Ann. § 38-306; *Elkins v. State,* 222 Ga. 746, 747 (152 SE2d 377) (1966). Because the statements were admissible against two defendants, there can be no error as to Coachman without objection or request for a limiting instruction and none was made. *Munsford v. State,* 235 Ga. 38, 43 (218 SE2d 792)(1975); *Poston v. State,* 233 Ga. 828, 830 (213 SE2d 686) (1975).

3. The trial court was not in error in refusing to compel a police officer to turn over a copy of a statement made by Eberhardt to the police. Appellant's counsel was allowed to cross examine the police officer concerning Eberhardt's recitation of the events surrounding the shooting.

*Rini v. State,* 235 Ga. 60 (218 SE2d 811) (1975) is inapposite for the reason that there the motion related to prior inconsistent statements by prosecution witnesses. In *Hicks v. State,* 232 Ga. 393, 395 (207 SE2d 30) (1974), this court held that even where the trial court refuses to make an in camera inspection, a defendant bears the burden of showing prejudice to his case resulting from the prosecution's refusal to turn over documents or evidence. The appellant makes no showing whatever of any prejudice.

4. In the absence of an appropriate request, there is no error in the failure to charge on mere presence at the scene of the crime and his failure to testify. *Woodward v. State,* 234 Ga. 901, 905 (218 SE2d 629) (1975); *Dixon v. State,* 224 Ga. 636, 638 (163 SE2d 737) (1968).

5. There was sufficient evidence of Coachman's participation in the conspiracy to authorize the trial court's charge on conspiracy and the verdict of guilt. *Bethay v. State,* 235 Ga. 371, 375 (219 SE2d 743) (1975); *Sheppard v. State,* 235 Ga. 89 (218 SE2d 830) (1975); *McConnell v. State,* 235 Ga. 366 (220 SE2d 5) (1975). "It is not necessary . . . in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses." *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504) (1947).

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED JANUARY 20, 1976 — DECIDED MARCH 11, 1976.

*Spence, Garrett & Spence, D. William Garrett, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall,*

*Assistant District Attorney,* for appellee.

