## 30796. GORDY v. THE STATE.
## 30797. POOLE v. THE STATE.

UNDERCOFLER, Presiding Justice.

Ted Gordy and Wilbur Poole were jointly tried and convicted of the armed robbery of the Bank of Molena. Each was sentenced to serve ten years imprisonment. They appeal. *Held:*

1. The trial court charged the jury: "When witnesses appear and testify they are presumed to speak the truth." He also charged them on the credibility of witnesses and their duty to reconcile conflicting testimony.

The appellants argue that the failure of the trial court to charge without request on the impeachment of witnesses is reversible error since impeachment evidence was introduced. There is no merit in this contention. *Bonaparte v. State,* 223 Ga. 648 (1) (157 SE2d 272) (1967); *Tanner v. State,* 228 Ga. 829 (8) (188 SE2d 512) (1972).

2. The trial court charged the jury: *"If you find there is a conflict in the evidence, it is your duty to reconcile such conflict if you can possibly do so, without imputing perjury to any witness or witnesses. However, if you cannot reconcile the conflict in the evidence, if you should find there is a conflict in the evidence, then it will become your duty to adopt that testimony which addresses itself to your minds and consciences as being the most reasonable and most probable and the most truthful."*

The appellants contend that this charge is error because it places a "duty" to reconcile conflicts in the testimony without imputing perjury to any witness or witnesses.

There is no error in the charge. *Key v. State,* 177 Ga. 329 (7) (170 SE 230) (1933); *Stuckey v. State,* 213 Ga. 525 (2) (100 SE2d 189) (1957); *Patterson v. State,* 233 Ga. 724 (5) (213 SE2d 612) (1975).

3. The trial court stated to a witness during the trial of this case that it noticed that he was nervous and uneasy and inquired of the witness if he had been threatened if he testified in the case. The witness stated that he had been threatened but had "told all that he knew."

Out of the presence of the jury a motion for mistrial was made on the grounds that this amounted to a comment on the evidence and was highly prejudicial as to

the character of the appellants without their characters having been introduced in evidence. The record shows that the trial judge offered to recall the witness and allow counsel to interrogate him as to threats and the source of threats, and counsel declined to do so and stated that the witness could be excused.

The trial court charged the jury: "Now, there was not the slightest intimation, either in the question or in the answer, that a threat, if one had been made, had any connection whatsoever with either of these two defendants, and you would be wholly unwarranted to infer, if a threat was made against this witness, that either of these two defendants had anything on earth to do with it, or knew anything about it. That question was merely, you can consider that question only in passing upon the credibility of the witness who testified, and observing his state of mind and his conduct on the stand. But in no event can you ascribe to either one of these defendants any blame whatsoever for any threat that may or may not have been made, if you find one was made. And I charge you further, that if, in your deliberations in the jury room, you find that that question or that answer is influencing you in the slightest degree against either one of these defendants on trial, it would be your duty to immediately notify your foreman and it will be the foreman's duty immediately to notify me and I will take such action as appropriate in the premises. I caution you that that question and that answer does not in the slightest, to any extent, under any circumstances, reflect upon either one of these men sitting at this table and on trial in this case."

The motion for mistrial was properly overruled.

4. The appellants argue that the trial court erred in charging the jury that they could convict both appellants upon a finding that they acted either alone or together. There is no merit in this contention since the evidence shows that both appellants actively participated in the armed bank robbery and the court fully charged the law on conspiracy.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 9, 1976 — DECIDED APRIL 27, 1976.

W. W. *Larsen, Jr.,* for appellants.

*Ben J. Miller, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.