31040. CAMPBELL v. THE STATE.

PER CURIAM.

Phillip Eugene Campbell appeals his conviction for armed robbery. For the appeal of his co-defendant James Valenzule, alias Richard George Jung, see *Jung v. State,* 237 Ga. 73 (1976).

1. Considering the totality of the circumstances, the in-court identification of this defendant by the victim was not rendered inadmissible by the pre-trial identification procedure. *Heyward v. State,* 236 Ga. 526 (1976). It follows that the evidence supports the verdict.

2. Where a robbery victim testifies at one point that the robbery occurred at her home and testifies at another point that her home is in a certain county, venue is shown. It is not necessary for the state to prove that the victim did not have more than one home. If venue is an issue in the case, the victim may be cross examined upon this subject.

3. The transcript shows that during the course of the trial the trial judge made certain remarks and inquiries in ruling on objections to evidence, in questioning counsel as to the purpose of questions and as to whether they had objections to the admission of physical evidence, and in announcing that certain objections would be deemed to be continuing objections. We have examined the transcript and find no violation of Code Ann. § 81-1104.

4. The charge of the court as to reconciling conflicts in the evidence was not error. *Gordy v. State,* 236 Ga. 723 (225 SE2d 287) (1976).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1976 — DECIDED
JUNE 9, 1976.

*Grogan, Jones, Layfield & Swearingen, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

HILL, Justice, concurring.

I concur in the judgment of the court but wish to add my views on the subject of Division 4 of the opinion.

The trial court charged the jury upon credibility of witnesses as follows: "Now, ladies and gentlemen, the credibility of the witnesses is a matter to be determined by you under the instructions of the Court. You are the sole and the exclusive judge of the credibility of the witnesses and the weight that should be given to the witnesses' testimony. And in determining the credibility of the witnesses, you may consider all the facts and circumstances of this case, the witnesses' manner of

testifying, their intelligence,[1] their means and opportunity of knowing the facts to which they have testified, the nature of the facts to which they have testified, the probability or improbability of their testimony, their interest or want of interest and also their personal credibility insofar as the same may legitimately appear to you upon the trial of this case. Now, if upon consideration of the evidence, ladies and gentlemen, there should appear to you to be a conflict between the testimony of the witnesses, then it would become your duty if you can to reconcile that conflict so as to make every witness speak the truth and without imputing perjury to any witness. If, however, ladies and gentlemen, you find any of the evidence in such irreconcilable conflict that you cannot thus resolve it, then it would become your duty to believe that evidence and those witnesses whose testimony seems most reasonable and most credible to you."

The charge given by the trial court is similar to the one prepared by the Council of Superior Court Judges (criminal charges, form 50). The defendant contends that the last sentence quoted above constitutes reversible error. Because one of the standard criminal charges in use throughout the state is under attack, this matter becomes one of some concern.

The defendant relies upon three cases, Knapp v. United States, 316 F2d 794 (5th Cir. 1963); Farmer v. Caldwell, 476 F2d 22 (5th Cir. 1973); and United States v. Holland, 526 F2d 284 (5th Cir. 1976). Knapp and Holland, supra, appear to be based upon the circuit court's supervisory power and not upon constitutional grounds.

Knapp v. United States, supra, involved the district court's jury instructions. There the defense put up no evidence. The court charged the jury that witnesses are presumed to tell the truth. The defendant urged that because he had offered no evidence the effect of this charge was to direct a verdict of guilty; i.e., to instruct the jury

---

[1] I question whether the intelligence of a witness is an indicator of the credibility of his testimony upon nontechnical subjects.

that the government's witnesses are presumed to tell the truth. The circuit court agreed with the defendant's argument but declined to reverse his conviction because the defendant had not objected to the charge before the jury commenced its deliberations as required by Rule 30, F. R. Crim. P.

Unlike the federal rule, Georgia law unfortunately allows the defendant to listen to the court's charge, make no objection, hope for acquittal, then complain of the charge on appeal, and if successful get a second trial at public expense. Code Ann. § 70-207 (a). In my view the exclusion of criminal cases from Code Ann. § 70-207 has the effect of depriving trial judges of the adversarial presentation of questions concerning jury instructions and impedes improvement of the charge of the court in criminal cases.

Knapp v. United States is not applicable in the case before us, however, because it was based upon the circuit court's supervisory power, and because here the defendants offered evidence. See *Spencer v. State,* 236 Ga. 697 (1976).

Farmer v. Caldwell, supra, was a habeas corpus case which arose from a Georgia conviction. It did not involve the court's charge to the jury. It dealt with the district judge's authority to discredit the habeas petitioner's uncontradicted testimony. There the court stated that the trier of fact is not bound to accept testimony even where it is not contradicted (476 F2d 25). Although inapplicable in the case before us, the significance of Farmer is that it is consistent with Knapp, supra, and suggests that juries not be instructed that they must accept any testimony, or that they can reject testimony only when it is contradicted, or that they must reconcile testimony in any particular way.

United States v. Holland, supra, involved the charge of a district court sitting in Georgia which is somewhat similar to the charge given in the case before us. There the district judge charged the jury as follows (526 F2d 285): "Now it is your duty, if you can, to reconcile the testimony of all the witnesses so that all witnesses shall have spoken the truth. If, however, you are unable to reconcile the testimony, you may then reject the testimony of such

witness or such witnesses as you believe to be untrue or mistaken, and give credence to the evidence you think most worthy of belief." The circuit court reversed the conviction, pointing out that the instruction directed the jury that where the testimony of two witnesses conflicted as to any part, the whole of the testimony of one witness must be accepted and the whole of the testimony of the other witness must be rejected. The charge given by the court below is not subject to this attack. Here the trial court said that if the jury found the conflict to be irreconcilable ". . . then it would be your duty to believe that evidence . . . [which] seems most reasonable and credible to you." Unlike Holland, supra, the jury here was not directed to accept or reject the entire testimony of any witness but was directed to believe such evidence as seemed most reasonable and credible to them. This is in accord with the common sense concept expressed by Chief Judge Brown in his concurring opinion in Knapp v. United States, supra. It also is in accord with the jury instruction approved in *Gordy v. State,* 236 Ga. 723 (1976).

In summary, form 50 of the criminal charges prepared by the Council of Superior Court Judges appears sound. *Spencer v. State* and *Gordy v. State,* supra. Form 49 on the other hand appears not only sound but free of any arguable basis for enumeration of error (except possibly for inclusion of the word "intelligence").