31353. WORLEY et al. v. THE STATE.

JORDAN, Justice.

Worley and Hughes were convicted of armed robbery of a jewelry store, sentenced to 20 years and appeal.

1. Appellants contend that they were denied due process of law by being "forced to trial with an unrepresented co-defendant" and were prejudiced by the admission of certain evidence. Upon their objection to the evidence, the trial court ruled that the search and seizure was legal and the evidence admissible. Appellants do not claim error on the overruling of their objection but apparently contend that the trial court should have ordered a severance sua sponte upon discovery that the co-defendant's attorney would not be present. "The right to a severance under . . . the Georgia law . . . arises only upon an appropriate motion." *Coachman v. State,* 236 Ga. 473 (1) (224 SE2d 36) (1976).

2. Appellants demurred to the indictment as being too general to give notice of the place robbed since the victim operated another place of business in Franklin County under a similar name. This contention is without merit. *Stull v. State,* 230 Ga. 99 (2) (196 SE2d 7) (1973).

3. Prior to trial, appellants moved for discovery asking for the "details of any and all deals . . . made with . . . Karen Short and Larry Plymail." The prosecutor responded that Short had been offered immunity from prosecution, in return for her testimony, but that Plymail had been offered nothing in his presence. At trial, testimony showed that the victim had paid $100.00 to Plymail and had offered another $400.00 to Plymail in the event he testified and convictions were obtained. There was no evidence that the district attorney knew of the offer or payment, but there was evidence that an investigator of the district attorney was told of the reward.

Whether Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1967) and subsequent cases require that a prosecuting attorney divulge his knowledge of a reward offered by a private citizen is a question of first impression in this state. However, it is not necessary to reach this question in light of the fact that the jury was

fully advised of the reward offer and payment to the witness, and in view of the vast amount of evidence of guilt, including eyewitness testimony, other than the testimony of the witness. Appellants have shown no prejudice to their defense. *Coachman v. State,* 236 Ga. 473 (3) (224 SE2d 36) (1976); *Hicks v. State,* 232 Ga. 393, 395 (207 SE2d 30) (1974).

4. The trial court did not err in overruling a post-conviction motion to vacate and set aside the convictions based on (1) that a pre-indictment identification was unnecessarily suggestive and (2) that appellants were denied the right to cross examination of a state's witness.

5. The court charged on reasonable doubt, the presumption of innocence, and conflicts in the evidence. Viewing the charge as a whole, we find no merit in the attack on these portions of the charge. See *Campbell v. State,* 237 Ga. 76 (226 SE2d 601) (1976) and *Gordy v. State,* 236 Ga. 723 (225 SE2d 287) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 16, 1976 — DECIDED SEPTEMBER 8, 1976.

*Hester & Hester, Frank B. Hester, Cleve Miller,* for appellants.

*Clete D. Johnson, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.