## 32316. WAY v. THE STATE.

BOWLES, Justice.

The appellant, Anthony Way, was charged with committing the armed robbery of a convenience store in Richmond County, Georgia. He was tried along with co-defendants Harris and Oliphant, found guilty, and sentenced to ten years in prison. He comes here complaining that the verdict rendered was contrary to the law and evidence; was against the weight of the evidence; that the trial court refused to grant a co-defendant's motion for severance; that the trial court erred in admitting illegal evidence to the jury; and that the trial court erred in finding that the statement given to the investigators was freely and voluntarily made.

After reviewing the record, we affirm.

1. In his brief appellant has failed to support his enumerations of error 1, 2, 3 and 6 with citation of authority or argument. Therefore, pursuant to Rule 18 (c) (2) of the Supreme Court of Georgia, they are deemed abandoned. *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374) (1972).

2. Appellant argues that it was error for the trial court to refuse to grant a co-defendant's motion for severance. The appellant made no motion for severance on his own behalf. Appellant cites no examples of prejudice or other injury to him resulting from the court's ruling. Code Ann. § 27-2101 provides in part "When two or more defendants are jointly indicted for a capital offense, *any defendant so electing* shall be separately tried. . ." (Emphasis supplied.) The appellant in this case did not elect to sever. There is no authority, under the statute, to require the court to sever the trial of a defendant who has made no motion to sever. "The right to a severance under both the Georgia law and the American Bar Association Standards Relating to the Administration of Criminal Justice arises only upon an appropriate motion. No motion to sever having been made in the trial court, the contention is without merit." *Coachman v. State,* 236 Ga. 473 (224 SE2d 36) (1976). It is too late after an adverse verdict to raise the issue for the first time. *Strickland v. State,* 226 Ga. 750 (177 SE2d 238) (1970).

The appellant will not be heard to complain of the trial court's denial of a co-defendant's motion to sever. His enumeration of error No. 4 is without merit.

3. Appellant complains of the admission over his objection of identification testimony by an eyewitness who had been shown a photographic line-up, and admission of testimony relating to confessions of co-defendants.

The state's eyewitness testified that, approximately one hour after the crime, she was shown a photographic line-up, from which she was able to positively identify appellant as one of the men who had robbed her. Appellant objected on hearsay grounds, contending that the eyewitness was testifying based on knowledge gained through an unidentified third party and that this tainted the line-up, making it impermissibly suggestive so as to contribute to misidentification. This set of circumstances was not shown by the record. The eyewitness was the cashier at the store which was robbed; she was the person from whom the money was taken; she identified appellant from a series of photographs shown to her soon after the occurrence; and she testified at trial that appellant was the man she identified in the photographic line-up. We find no hearsay issue.

Appellant has not established that the photographic display shown to the eyewitness was impermissibly suggestive. Absent such a showing, there is no basis upon which to consider the question of whether the alleged suggestiveness contributed to misidentification. *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974); Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968). We find no error in admitting the identification testimony.

4. Appellant also complains that the confessions of co-defendants made during the investigative period and read into evidence, over objection, were inadmissible. We disagree. Investigator Wright testified at trial that each of the three co-defendants had made statements to him, confessing their guilt and implicating the other co-defendants. Following a hearing outside the presence of the jury, the trial court ruled each of the statements admissible. The witness was allowed to read each of the

statements before the jury, but was instructed to mention only the name of the person making the statement. This procedure was followed and appellant made no objection.

Under the decision of this court in *Munsford v. State,* 235 Ga. 38 (218 SE2d 792) (1975), the testimony relating to each of the statements was admissible against the co-defendant making the statement, and in the absence of a request to charge, it was not error to fail to limit the admissibility of such testimony to the co-defendant against whom it was admissible, citing *Posten v. State,* 233 Ga. 828 (213 SE2d 686). Appellant made no request to charge that the jury was not to infer any guilt to other co-defendants from a statement made by a co-defendant. Indeed, the statements as read were made to be as neutral as possible by deleting any reference to other co-defendants.

In any event, objections to the admission of evidence may not be raised for the first time on appeal. *Clenney v. State,* 229 Ga. 561 (3) (192 SE2d 907) (1972). "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (67 SE2d 221) (1951).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1977 — DECIDED JUNE 28, 1977.

*Folk & Neal, Joseph R. Neal,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.