65076, 65077. FAIN v. THE STATE (two cases).

POPE, Judge.

Defendants Kenneth "Bo" Fain and Mary McCoy Fain, husband and wife, were indicted, tried and convicted of cruelty to children, Code Ann. § 26-2801 (b) (now OCGA § 16-5-70 (b)). Kenneth Fain was sentenced to fifteen years; Mary Fain to fifteen years, to serve ten. They assert eight enumerations of error on this appeal.

1. Defendants assert the general grounds in their first enumeration of error. We hold that the evidence was sufficient to enable any rational trier of fact to find defendants guilty of cruelty to children beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence showed that a day care center employee, in changing the diaper of the eighteen-month-old daughter of defendant Mary Fain, the stepdaughter of defendant Kenneth Fain, observed horrible injuries to the child. The injuries included whelps on the child's buttocks, legs and stomach and bruises on her buttocks, legs, arms and on her rectum and vagina as well. This was the third time unusual injuries had been observed on the child. Moreover, a medical doctor testified that the injuries to the rectum and vagina suggested attempted forced entry with an object of similar dimension to a penis.

Both defendants pleaded not guilty and denied any knowledge of the injuries to the child. Defendant Mary Fain swore the child was all right when she took her to the day care center.

After a careful review of the trial transcript in a light most favorable to the jury verdict, we have no difficulty in finding that every reasonable hypothesis save the guilt of the defendants was excluded by the evidence and that the verdict is clearly supportable as a matter of law. See *Jones v. State,* 165 Ga. App. 36 (1) (299 SE2d 576) (1983); *Slack v. State,* 159 Ga. App. 185 (3) (283 SE2d 64) (1981). But see Division 6, infra.

2. In their second enumeration of error defendants claim that the trial court committed reversible error when it did not prevent two witnesses, both medical doctors, from answering questions posed by the state seeking the doctors' opinions of whether the injuries to the child's rectum and vagina could have been caused by a sexual device such as a dildo or vibrator. Both doctors, one a witness for the state and the other a witness for the defense, stated that the injuries could have been caused by such a device.

Defendants assert that the questions were designed to inflame the minds of the jurors and not to adduce testimony of any probative

value. They further assert that the answers had no probative value and that the trial court should have ordered the dialogue stricken from the record even though no objection was made. We disagree. We find, without deciding, that the questions appear relevant and the answers appear probative as tending to prove that both defendants were guilty of cruelty to the child. See Code Ann. § 38-201 (now OCGA § 24-2-1). More basically, however, we are unpersuaded by defendants' argument that they should be entitled to appellate review of this issue despite their failure to raise the issue at trial and we reject their contention for this reason. See *Scott v. State,* 243 Ga. 233 (2) (253 SE2d 698) (1979); *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221) (1951).

3. Defendants contend that the trial court erred in failing to charge on the defense of accident, even absent a request. They argue that "accident" was their sole defense and therefore the charge was required. See generally *Jones v. State,* 161 Ga. App. 610 (4) (288 SE2d 788) (1982). We find contrarily that "accident" was not in fact their sole defense. Their principal defense appears to have been the general defense of lack of knowledge; their attempts to show that the injuries to the child could have been sustained accidentally appear only incidental thereto.

Furthermore, we do not find that the defense was reasonably raised by the evidence. The expert witnesses, medical doctors, testified that some of the bruises on the child could have been the result of common accidents, but they steadfastly maintained that the more severe injuries, particularly those to the rectum and vagina, were inflicted injuries. This is corroborated well by the photographic evidence. We hold, therefore, that the trial court did not err by not giving the unrequested charge. See generally *Green v. State,* 154 Ga. App. 245 (2) (267 SE2d 855) (1980).

4. Defendants contend that their long prison sentences constitute cruel and unusual punishment. This contention is meritless because the sentences are within the statutory limits. Code Ann. § 26-2801 (c) (now OCGA § 16-5-70 (c)); see *Mydell v. State,* 238 Ga. 450 (2) (233 SE2d 199), cert. den., 431 U. S. 970 (1977).

5. Defendant Kenneth Fain asserts that the trial court erred in refusing him reasonable appeal bond. This court has already ruled against defendant on this issue. *Fain v. State,* Case No. 64908, decided July 20, 1982. (Unpublished order.)

6. Defendant Mary Fain contends that the trial court erred in allowing into evidence the substance of a statement she made to the police. The state had not attempted to use the statement in its case in chief, but, after Ms. Fain volunteered during cross-examination that she had made the statement, the state then used it for impeachment

purposes during the cross-examination and later with a rebuttal witness. Her counsel repeatedly insisted that the statement was not admissible because it was given in violation of Miranda v. Arizona, 384 U.S. 436 (86 SC 1602, 16 LE2d 694) (1966), in that Ms. Fain had requested the presence of counsel and the police had continued to question her, obtaining the statement. See Edwards v. Arizona, 451 U.S. 477, 481-87 (101 SC 1880, 68 LE2d 378) (1981). The state, on the other hand, argued that the statement was admissible for impeachment purposes regardless of any Miranda violations and, furthermore, that it was admissible without a hearing pursuant to Jackson v. Denno, 378 U.S. 368, 377 (84 SC 1774, 12 LE2d 908) (1964).

Defendant is clearly correct in this instance. Under Mincey v. Arizona, 437 U.S. 385 (98 SC 2408, 57 LE2d 290) (1978), it is a denial of due process of law for the state to use an *involuntary* statement against a defendant at trial for *any* purpose. Id. at 398; see *Howard v. State,* 160 Ga. App. 487, 488 (287 SE2d 392) (1981); *Green v. State,* 154 Ga. App. 295 (1) (267 SE2d 898) (1980); see also New Jersey v. Portash, 440 U.S. 450, 458-59 (99 SC 1292, 59 LE2d 501) (1979). Once defendant raised the issue of voluntariness, she was entitled to a determination of the issue by the trial court before the statement could be used, although not to a separate "Jackson v. Denno hearing." *Jones v. State,* 243 Ga. 820 (6) (256 SE2d 907), cert. den., 444 U.S. 957 (1979); *Scott v. State,* 243 Ga. 233 (1) (253 SE2d 698) (1979). The trial court erroneously made no determination as to the voluntariness of the statement and we must therefore remand the case for such a determination. See *Payne v. State,* 249 Ga. 354 (7) (291 SE2d 226) (1982); see also Mincey v. Arizona, supra, 437 U. S. at 398. In the absence of such hearing, or in the event the trial court finds that the statement was not voluntary, defendant Mary Fain must be granted a new trial. *Cofield v. State,* 247 Ga. 98 (4) (274 SE2d 530) (1981); *Schneider v. State,* 130 Ga. App. 3 (1) (202 SE2d 238) (1973).

We are unpersuaded by the state's additional argument that a voluntariness determination was not then, and is not now, required because defendant Mary Fain opened the door by volunteering that she had made the statement. We hold that the fact that Ms. Fain exposed the *existence* of the statement does not render the *substance* of the statement immune from the requirement for admissibility set forth in Mincey v. Arizona, supra, that is, that the statement was given voluntarily. In so holding, however, we note that it is apparent from the transcript that Ms. Fain was not trying to capitalize on a belief that the statement was inadmissible.

7a. Defendant Kenneth Fain alleges that he was denied his right of confrontation because the court prohibited him from cross-examining his wife after the state, in rebuttal, introduced her

statement to the police (see Division 6, supra) which may have tended to incriminate him. We have reviewed the transcript thoroughly and have found no recordation of any such prohibition by the trial court and we therefore reject the allegation as unfounded. In fact, the transcript reflects quite to the contrary that defendant's counsel asked during the state's cross-examination of Ms. Fain: "Will the Court now permit me to cross-examine her as [to] the contents of the statement?" The court replied, "Yes, I'll let you examine her about it." Defendant's counsel did not, however, take advantage of the opportunity. Moreover, defendant's counsel cross-examined the state's rebuttal witness and then made no attempt to have Ms. Fain recalled to the stand. In short, defendant's allegation is specious.

b. Along with this allegation, defendant argues that the court should have ordered a severance on its own motion. This argument is without merit as well: " 'The right to a severance under ... the Georgia law ... arises only upon an appropriate motion.' " *Worley v. State,* 237 Ga. 521 (1) (228 SE2d 895) (1976), quoting *Coachman v. State,* 236 Ga. 473 (1) (224 SE2d 36) (1976).

c. Also included in this enumeration of error is an argument of a Bruton violation. The rule enunciated in Bruton v. United States, 391 U. S. 123, 136-37 (88 SC 1620, 20 LE2d 476) (1968), is inapplicable because defendant Mary Fain, the declarant, testified at trial and was available for cross-examination. *Durham v. State,* 240 Ga. 203 (2) (240 SE2d 14) (1977).

d. The issue whether defendant Kenneth Fain was adequately insulated from the incriminatory nature of the statement is also raised in this enumeration of error. The trial court, on its own accord, admonished the jury immediately after the testimony of the state's rebuttal witness and again in its charge to consider the statement only for possible impeachment of Ms. Fain and not to apply it against Kenneth Fain. Defendant did not challenge this action either time.

"We, of course, acknowledge the impossibility of determining whether in fact the jury did or did not ignore [Mary Fain's] statement inculpating [Kenneth Fain] in determining [his] guilt." Bruton v. United States, supra, 391 U. S. at 136. Unlike Bruton, supra, we do not find from the transcript a substantial risk that the jury disregarded the trial court's limiting instructions, particularly in light of the fact that the risk was not so apparent to defendant to prompt him to raise the issue at trial. See generally *Coachman v. State,* supra; *Joyner v. State,* supra.

e. Consistent with our holding above, that the limiting instructions were sufficient to insulate defendant Kenneth Fain from defendant Mary Fain's statement, we hold that, should the trial court find on remand that the statement was involuntary and therefore

inadmissible (see Division 6, supra), that finding would have neither any bearing nor any effect upon defendant Kenneth Fain.

*Case No. 65076 remanded for further proceedings; judgment affirmed in Case No. 65077. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 25, 1983.

*Richard L. Moore, Robert I. Donovan,* for appellants.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.