## A04A1695. ANDREWS v. THE STATE.
(606 SE2d 587)

MILLER, Judge.

James Andrews appeals a conviction for robbery by sudden snatching on the ground that the evidence was insufficient. We disagree and therefore affirm.

Viewed in the light most favorable to the verdict, the evidence showed that the victim was shopping with her mother at a grocery store when a man darted in front of her cart. At that instant, she felt a tug on her purse, followed by the sensation that it was significantly lighter than it had been, and the sight of a second man walking past her. She immediately called out to her mother that the second man, later identified as Andrews, had taken her wallet. The victim followed Andrews to the front of the store, where he went through a checkout line, left the store, and drove away. The man who had darted in front of her cart then told her that her wallet remained in the aisle where she had been. She retrieved the wallet, which was now down and on the other side of the aisle from where she had been, and determined that nothing had been taken from it. When the police brought Andrews back to the store, she identified him as the man who had passed her in the aisle after she felt the tug on her purse.

At trial, Andrews was convicted of robbery by sudden snatching and sentenced to four years in prison with four years probation and a fine of $3,000. His motion for new trial was denied. He appeals, arguing that because the victim did not see him take the purse, and because the circumstantial evidence of his guilt does not exclude every other reasonable hypothesis (OCGA § 24-4-6), the evidence was insufficient to sustain the verdict.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003).

Although the victim never saw Andrews with her wallet, there was sufficient evidence to show that at the moment his companion darted in front of the victim's cart, distracting her attention, Andrews snatched the wallet from her purse. When it became clear that the victim had detected his efforts, Andrews tossed the wallet aside and left the store. Nothing more was needed to prove the elements of the crime of robbery by sudden snatching. OCGA § 16-8-40 (a) (3); *Williams*, supra at 794 (circumstantial evidence of taking sufficed when victim was less than six feet away from purse when stolen).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2004.

*John A. Beall IV*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.