## A05A0968. BARKER v. THE STATE.
(620 SE2d 457)

MIKELL, Judge.

A Fayette County Superior Court jury convicted Alton G. Barker of robbery by sudden snatching. On appeal, Barker challenges the sufficiency of the evidence and argues that the trial court erred by failing to obtain his consent to be tried jointly with his co-defendant, James Clifford Andrews. Finding no error, we affirm.

Barker's co-defendant was also convicted of robbery by sudden snatching. Both defendants appealed their convictions. We affirmed Andrews' conviction at *Andrews v. State.*[1]

> When addressing the sufficiency of the evidence to support the verdict, this Court, as a reviewing court, does not pass on the weight of the evidence. Rather, we review the sufficiency of the evidence to support the verdict. On appeal of a conviction based on a jury verdict we examine the evidence in a light most favorable to support that verdict. We resolve all conflicts in favor of the verdict. We sustain the verdict

---

[1] 270 Ga. App. 362 (606 SE2d 587) (2004).

when a rational trier of fact, viewing the evidence in a light most favorable to the verdict, could find the defendant guilty beyond a reasonable doubt.[2]

The relevant facts are as stated in *Andrews*.

[T]he victim was shopping with her mother at a grocery store when a man darted in front of her cart. At that instant, she felt a tug on her purse, followed by the sensation that it was significantly lighter than it had been, and the sight of a second man walking past her. She immediately called out to her mother that the second man, later identified as Andrews, had taken her wallet. [The victim] followed Andrews to the front of the store, where he went through a checkout line, left the store, and drove away. The man who had darted in front of her cart then told her that her wallet remained in the aisle where she had been. She retrieved the wallet, which was now down and on the other side of the aisle from where she had been, and determined that nothing had been taken from it. When the police brought Andrews back to the store, she identified him as the man who had passed her in the aisle after she felt the tug on her purse.[3]

At trial, the victim identified Barker as the man who darted in front of her cart and later told her that her wallet was in the aisle.

1. Pursuant to OCGA § 16-8-40 (a), "[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: (1) By use of force; (2) By intimidation . . . ; or (3) By sudden snatching." In the offense of robbery by sudden snatching, the victim must be conscious of the theft before the taking is complete.[4] OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." A person who "[i]ntentionally aids or abets in the commission of the crime" is concerned in the commission of a crime.[5] As we found the evidence sufficient to convict Andrews of robbery by sudden snatching,[6] we likewise find it sufficient to convict Barker as a party to that crime.

---

[2] (Citations omitted.) *Whitehead v. State*, 237 Ga. App. 551 (1) (515 SE2d 866) (1999).

[3] *Andrews*, supra.

[4] *Perkins v. State*, 256 Ga. App. 449, 450 (568 SE2d 601) (2002).

[5] OCGA § 16-2-20 (b) (3).

[6] *Andrews*, supra.

Citing no authority, Barker argues that the evidence was insufficient to support his conviction because no one saw him with the wallet or with Andrews. In *Andrews*,[7] we found inapposite the fact that the victim never saw Andrews with her wallet.[8] Likewise, here, that fact does not warrant the reversal of Barker's conviction. Barker's argument that his conviction should be reversed because no one saw him with Andrews is also flawed. The victim testified that Barker darted in front of her cart and that she had to slow down to avoid hitting him. Simultaneously, she felt Andrews tug her handbag and realized that her wallet had been taken. Therefore, she saw Barker and Andrews in the same vicinity simultaneously. The testimony of one witness is sufficient to establish a fact.[9]

2. Barker argues that the trial court erred because it did not, sua sponte, obtain a waiver of his right to be tried separately from his co-defendant. In this noncapital case, the trial court was not required to obtain such a waiver.

"The right to a severance under . . . Georgia law arises only upon an appropriate motion."[10] Barker acknowledges that he did not file a motion to sever. Barker also admits that during the motions hearing, he did not adopt his co-defendant's motion to sever. He maintains, however, that prior to jury selection, his counsel generally adopted the motions before the court. The page of the record to which Barker refers us in support of this argument shows that his counsel adopted the co-defendant's motion for continuance. After a careful review of the transcript of the motions hearing, we have found no adoption by Barker of the motion to sever or a request for a separate trial. "That being so, [Barker] may not raise the issue on appeal."[11] Even had he raised the issue, however, when offenses are "based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the discretion of the trial court."[12] Barker has shown no abuse of discretion.

*Judgment affirmed. Andrews, P. J., concurs. Phipps, J., concurs in judgment only.*

---

[7] Supra.

[8] Id.

[9] OCGA § 24-4-8.

[10] (Punctuation omitted.) *Worley v. State*, 237 Ga. 521 (1) (228 SE2d 895) (1976), citing *Coachman v. State*, 236 Ga. 473, 474 (1) (224 SE2d 36) (1976).

[11] *Pye v. State*, 274 Ga. 839, 842 (6) (561 SE2d 109) (2002), citing *Smith v. State*, 267 Ga. 372, 373 (2) (477 SE2d 827) (1996).

[12] (Citation and punctuation omitted.) *Hayes v. State*, 249 Ga. App. 857, 861 (2) (549 SE2d 813) (2001).

DECIDED AUGUST 24, 2005 —

*Lloyd W. Walker*, for appellant.

*William T. McBroom, District Attorney, Cindy L. Spindler, Assistant District Attorney*, for appellee.