## 43182. SCOTT v. THE STATE.
(342 SE2d 310)

CLARKE, Presiding Justice.

Arthur Lee Scott was tried and convicted of the murder of Jimmy Lee Herrington and sentenced to life imprisonment.[1] He appeals enumerating as error the sufficiency of the evidence, the jury charge on intent and a violation of OCGA § 17-7-210 governing production of in-custody statements of an accused. We affirm.

The victim, Jimmy Herrington, was in a car in the parking lot of Sam Bowers Lounge in Savannah, Georgia in the early morning hours of December 7, 1984. He and several friends had come out of the bar to smoke marijuana. Herrington was sitting in the front seat next to the window on the passenger's side. The witnesses in the car testified that the windows were rolled up and as they sat and smoked someone walked up to the door by Herrington and a loud blast shattered the window. Additional smaller shots followed. Two witnesses saw a man in a light jacket and dark pants run away. According to these witnesses, Herrington did not have a gun and fired no shots from the car prior to the attack. There was also testimony that appellant Scott was at the lounge that evening wearing a light jacket.

A patrolman from the Savannah police department arrived at the scene and a witness pointed to a car leaving at high speed, saying the driver had just killed a man. The officer pursued the fleeing vehicle and observed the driver throw a shotgun out of the window. As the chase went on the driver left the vehicle and was apprehended after a short foot pursuit. The driver was the appellant, Arthur Scott; he was wearing a light colored jacket when arrested. A .22 caliber pistol was recovered from the car and the shotgun was recovered.

Herrington died from a shotgun wound to the right side of his face; in addition to the shotgun wound, three .22 caliber bullets were removed from the victim's neck. A firearms expert testified that the bullets removed from the body were fired from the gun recovered from appellant's car. Detective Jones testified that he accompanied Scott to an arraignment hearing in the Savannah Recorder's Court on the day of his arrest. The court allowed Jones to testify that Scott showed scars on his back to Jones and said "You know why I had to do it." Jones then explained that he had investigated an earlier incident when Scott was taken for a ride, shot by Herrington and an accomplice named Carl Sanders, and left for dead.

---

[1] The shooting occurred on December 7, 1984. Scott was convicted and sentenced on August 13, 1985, and his motion for new trial was filed August 27, 1985. The transcript was certified by the court reporter on October 11, 1985. On December 19, 1985, the motion for new trial was denied and a notice of appeal was filed January 14, 1986. The case was docketed in this court on February 6, 1986, and submitted for decision on briefs on March 21, 1986.

The trial court overruled a motion for directed verdict. Scott testified in his own defense, stating that he had been shot by Herrington and Sanders several months before and began carrying a weapon to protect himself. He testified that when he saw Herrington outside of the lounge, he returned to his car to arm himself with a shotgun and pistol because he feared for his life. He contended that Herrington shot first through the partially open car window and that he returned fire in self-defense.

1. The appellant contends the verdict is not supported by the evidence and is against the weight of the evidence. On reviewing a verdict and the denial of directed verdict, this Court will review whether the evidence was sufficient as a matter of law under the test set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984). In reviewing the state's evidence, a rational trier of fact could have found beyond a reasonable doubt that the crime of murder had been committed by Scott and after the presentation of all of the evidence could have found him guilty beyond a reasonable doubt.

2. Appellant argues that it was error to allow Detective Jones to testify as to the statement at arraignment, "You know why I had to do it." It is contended on appeal that the statement was not furnished although a written request was made and should have been excluded. OCGA § 17-7-210. The transcript reveals that objection was made at trial to the quoted statement raised on appeal as well as another statement. The assistant district attorney stated that she believed it had been supplied.

The record contains a list of documents addressed to defense counsel which were forwarded to him by the district attorney's office in April of 1985. Item 7 on the list of enclosed documents is "7) Copy of Det. Bobby Jones' report containing statement made by defendant at arraignment." There may have been confusion at trial as to what was received by the defense, but there is no contention by the appellant that the cover letter listing the documents was not received. The letter was also filed with the court and made a part of the record in April. It appears that at trial defense counsel was unclear about which statements he did receive. However, he was notified five months prior to trial that a statement was made to Detective Jones at arraignment and the district attorney's office was at least attempting to furnish it. The record indicates that the only statement made to Jones at arraignment is the one at issue. Under these circumstances we find the statute has been complied with.

3. The trial judge charged the jury "Intent is an essential element of any crime and must be proven beyond a reasonable doubt. I charge you that a person will not be presumed to act with criminal intent, but the jury may find such intention or the lack thereof upon a con-

sideration of the words, conduct, demeanor, motive and other acts and circumstances connected with the act for which the accused is being prosecuted. Members of the jury, you may infer in this case, if you wish to do so, that the acts of a person of sound mind and discretion are the products of his will and you may infer, if you wish to do so, that a person of sound mind and discretion intends the natural and probable consequences of his acts. Whether you make any such inference or inferences in this case is a matter solely within the discretion of the jury."

Appellant enumerates this charge as error contending it improperly shifts the burden of proof under *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985).

We hold this charge is not burden shifting. The charge follows the Suggested Pattern Jury Instructions, Vol. II, p. 13, 1984, and is in the same language approved by this court in *Lingerfelt v. State*, 255 Ga. 180 (336 SE2d 250) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 1986.

*Jackson & Schiavone, Michael G. Schiavone,* for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory R. Jacobs, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.