43919. JOHNSON et al. v. THE STATE.
(351 SE2d 202)

MARSHALL, Chief Justice.
The appellants, Robert Leon Johnson and Darrell Michael Johnson, were co-indicted with Torrence McAllen Brown, a/k/a Doc, for the murder and rape of Jamie Piper, as well as the rape, aggravated assault, and armed robbery of Laura Roberts. Brown was not tried with the appellants, because the state filed a notice of intent to seek the death penalty against him. Following a jury trial, both appellants were convicted of all counts, and they were each sentenced to four life terms, three concurrent and one consecutive, for the rapes, armed robbery, and murder, and they were each given a concurrent 20-year sentence for aggravated assault.[1]

These are the facts:
The victims, Laura and Jamie, were students at a Job Corps Center in Atlanta, Georgia. They had been introduced to appellant Darrell Johnson at an Atlanta restaurant on or about May 10, 1985. On May 15, Laura and Jamie met co-indictee Brown for the purpose of "going to a club." Brown left them, and he returned with Darrell. The four then went to Brown's apartment. Later, appellant Robert Johnson arrived at the apartment. The group remained there for several hours, talking and drinking.

Later that evening, they decided to buy some marijuana; how-

---

[1] The appellants in this case were indicted on May 21, 1985. The trial began on January 29, 1986, and it concluded on February 3, 1986. The motion for new trial was filed on August 6, 1986, and it was denied on August 13, 1986. The notice of appeal was filed on September 12, 1986. The appeal was docketed in this court on September 30, 1986. The case was submitted for decision without oral argument on November 14, 1986.

ever, none was obtained. Brown and Darrell Johnson subsequently took the victims to Washington Street, ostensibly for the purpose of picking up Brown's car. En route, they crossed a football field near Washington High School. Jamie and Darrell were walking in front, and Laura and Doc Brown were walking in back. While crossing the field, Brown pulled out a knife, placed it against Laura's side, and told her to call Darrell and Jamie. Brown and Darrell then took the victims behind some bleachers on the field and made them remove their clothes. Robert Johnson then appeared at the top of the bleachers and began climbing down. Brown asked Robert Johnson, "What took you so long?"

Brown and the Johnsons then made the victims lie down on the ground underneath the bleachers. Brown proceeded to rape Laura Roberts, while Darrell Johnson raped Jamie Piper. Robert Johnson then raped Laura Roberts. While Brown and Johnson were raping Laura Roberts, Brown held a knife to her throat. Robert Johnson then took the victims' purses, money from their pockets, and two diamond rings. After the rapes occurred, Brown cut up a T-shirt and gagged both of the victims. With Robert Johnson holding Laura Roberts from behind, Brown stabbed her repeatedly. Although the victims begged to be let go, Brown stated that, "they had been through it before" and could not take any chances. Brown then proceeded to stab Ms. Piper. Prior to leaving the scene, Brown told the two Johnsons to cut Ms. Roberts' throat because he did not believe she was dead. After the three perpetrators had left the scene, Ms. Roberts regained consciousness and walked across the street to a house, where the police and emergency medical assistance were summoned.

Jamie Piper was found by police, dead underneath the bleachers. Laura Roberts was taken to the hospital. A medical examination established that she had been raped, as well as stabbed approximately 40 times on her neck, chest, and abdomen. She was admitted to the hospital with a collapsed lung and no blood pressure. Yet, she survived to testify against the defendants at trial. Jamie Piper suffered approximately 68 stab wounds, for the most part in the area of her breasts. A medical examination of her also disclosed that she had been raped. In addition, several of the stab wounds were cross-shaped, indicating that the knife had been twisted while in the body. She died as a result of asphyxia associated with multiple stab wounds.

Darrell Johnson testified at trial that he had had sex with Jamie Piper at Brown's apartment and not at the football field. He further testified that he did not realize that Brown was going to pull a knife and perpetrate the crimes, that he tried to talk him out of it, and that he did not take part in it. Robert Johnson did not testify at trial.

In this appeal, the appellants have filed three enumerations of

error.[2]

1. First, the appellants, citing *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), argue that the trial court's jury instructions on intent were unconstitutionally burden-shifting. The jury charge on intent given at the appellants' trial is virtually identical to that reviewed in *Scott v. State*, 255 Ga. 701 (3) (342 SE2d 310) (1986), and found not to be unconstitutionally burden-shifting under *Franklin*.

This enumeration of error is without merit.

2. In the second enumeration of error, the appellants argue that the trial court erred in denying their motion for severance. However, the statement of this enumeration of error constitutes a misrepresentation of the facts of the case, in that it was only appellant Darrell Johnson who filed a motion to sever; appellant Robert Johnson filed no such motion. In any event, we find this enumeration of error to be without merit.

"As to the co-defendants, the rule in Georgia is laid down by the legislature. 'When two or more defendants are jointly indicted for a capital offense, any defendant so electing shall be separately tried unless the State shall waive the death penalty . . . (the) defendants may be tried jointly or separately in the discretion of the trial court.' [OCGA § 17-8-4]. In the present case the state did not seek the death penalty and thus committed the question of severing the co-defendants to the discretion of the trial court.

"In exercising this discretion there are three elements which the trial court should consider. First, whether a joint trial will create confusion of evidence and law. Second, whether there is danger that evidence implicating one defendant will be considered against the other despite cautionary instructions to the contrary. Third, whether the co-defendants will press antagonistic defenses. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975)." *Jackson v. State*, 249 Ga. 751, 757 (6) (295 SE2d 53) (1982).

"The defendant seeking severance must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." *Murphy v. State*, 246 Ga. 626, 629 (2) (273 SE2d 2) (1980).

Here, the appellants' argument that there was a confusion in the evidence as a result of the denial of the motion for severance is without merit. The appellants have made no showing of any evidence admitted against one that was not admissible against the other, and we

---

[2] Although the appellants do not enumerate any error with respect to the sufficiency of the evidence to support the verdict, we note that the evidence is clearly sufficient to satisfy the *Jackson v. Virginia* sufficiency-of-the-evidence test.

cannot perceive of any such evidence. The appellants' only other argument is that appellant Robert Johnson would have testified at trial had the motion for severance been granted. However, as previously stated, appellant Robert Johnson did not file a motion for severance.

3. In the third enumeration of error, the appellants argue that during closing argument the prosecuting attorney made an improper comment in stating that ". . . when they got to the field who comes down from over the top of the bleachers just in time, you see, this Defendant [Robert Johnson], who can't look at you . . ." Defense counsel objected to this remark, and the trial judge overruled the objection.

As argued by the state, what the prosecuting attorney did in the complained-of remark was draw the jurors' attention to the demeanor of appellant Robert Johnson, and this was something which the jurors could readily observe for themselves. We find no error. See *Adkins v. Flagg*, 147 Ga. 136 (2a) (93 SE 92) (1917); *Ferrell v. State*, 149 Ga. App. 405 (10) (254 SE2d 404) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1987.

*Clifton O. Bailey III, Earl A. Davidson*, for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General*, for appellee.