## A89A0860. CARTER v. THE STATE.
(386 SE2d 389)

McMurray, Presiding Judge.

Defendant Carter was charged by a six-count indictment with burglary (3 counts), giving a false name to a law enforcement officer, escape, and criminal interference with government property. A jury acquitted defendant of one count of burglary and of giving a false name to a law enforcement officer. Defendant appeals his conviction of two counts of burglary, escape, and interference with government property. *Held*:

1. Defendant contends that his character was impermissibly placed in issue by testimony of a police officer that referred to him as "Ali Farred, a/k/a Robert Carter, a/k/a Willie Carter," and by testimony of another police officer that he had confirmed that "defendant used the name Robert Lewis Carter in January of 1987 in the City of Atlanta. Contrary to defendant's argument, we do not view the use of the term "a/k/a" without more as suggesting a criminal record or bad character. Compare *McKenzie v. State*, 187 Ga. App. 840, 845 (6), 846 (371 SE2d 869), and *Seals v. State*, 176 Ga. App. 67 (2) (335 SE2d 306). Nor was there any suggestion that defendant was "known in Atlanta because of a prior criminal act." This enumeration of error is without merit.

2. Defendant's second, fifth and sixth enumerations of error complain of portions of the trial court's charge on grounds that they are unconstitutionally burden-shifting. Each of the charges at issue is taken from Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, State of Ga., prepared by the Council of Superior Court Judges of Georgia. The charges involved are those on criminal intent, Vol. II, p. 13; flight, Vol. II, pp. 28-29; and, recent possession of stolen property, Vol. II, pp. 125-126. Because these charges are couched entirely in permissive rather than mandatory language they were not unconstitutionally burden-shifting. See *Scott v. State*, 255 Ga. 701, 702 (3), 703 (342 SE2d 310); *Leverett v. State*, 254 Ga. 691 (2), 692 (333 SE2d 609); *Lucas v. State*, 183 Ga. App. 637, 640 (3) (360 SE2d 12); *Lockette v. State*, 181 Ga. App. 649 (2) (353 SE2d 585).

3. Following one of the burglaries with which defendant is

charged, police received a description of a man seen coming out of the victim's yard as the alarm bell was ringing. The description was broadcast over police radio and an officer on the way to the burglary scene saw defendant carrying a ladies' makeup case and he matched the description broadcast. The officer thus had an articulable suspicion sufficient to justify a brief stop pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889).

Defendant contends that the subsequent conduct of police officers removed the stop from the parameters of a *Terry v. Ohio* stop and constituted an arrest without probable cause. Defendant enumerates as error the denial of his motion to suppress evidence.

The State's evidence shows that following a pat-down for weapons which disclosed numerous items of jewelry in defendant's pockets, defendant voluntarily consented to accompany police to the scene of the burglary. At the scene, defendant was arrested after being identified as the man seen leaving the scene of the burglary. Such on-the-scene "show-up" identifications have been held not to be impermissibly suggestive but necessary due to the practicabilities inherent in such situations. *Williams v. State*, 188 Ga. App. 496, 497 (1), 498 (373 SE2d 281).

After his arrest, defendant consented to a search of the makeup case. The search of the makeup case revealed proceeds of two of the burglaries with which defendant was charged.

Defendant's arguments rely upon his testimony denying that he voluntarily consented to accompany police to the scene of the burglary or that he consented to the search of the makeup case. However, findings of fact and of credibility in a motion to suppress hearing are for the trial court and should not be set aside unless clearly erroneous. *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689). In the case sub judice, we find no error in the trial court's determination of these issues adversely to defendant. Therefore, since under the facts presented by the State's evidence there was no abuse of the *Terry v. Ohio* stop and no arrest prior to police obtaining probable cause, the trial court did not err in denying defendant's motion to suppress.

4. The trial court did not err in denying defendant's motion to sever and refusing to order a separate trial for each of the crimes charged. " 'Offenses may be "joined for trial when they are based (1) 'on the same conduct' or (2) 'on a series of acts connected together' or (3) on a series of acts 'constituting parts of a single scheme or plan.' (Cit.) If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary 'to achieve a fair determination of the defendant's guilt or innocence of each offense' (Cit.)" *Haisman v. State*, 242 Ga. 896, 900 (252 SE2d 397) (1979).' *Fluker v. State*, 171 Ga. App. 415, 417 (2) (319 SE2d 884)." *Isbell v. State*, 179

Ga. App. 363, 366 (2) (346 SE2d 857). This test applied to the facts and circumstances of the case sub judice reveals no abuse of discretion. When first arrested defendant possessed the fruits of two burglaries with which he was charged. The giving of a false name charge arose from the circumstances of the arrest. The charges of escape and damage to government property arose subsequently during defendant's escape and were thus connected to the earlier burglaries. The evidence of each of these connected offenses was relevant to the other. *Carter v. State*, 155 Ga. App. 840, 842 (2) (273 SE2d 417). Likewise, the burglary following defendant's escape was also connected and all of the burglaries and connected crimes exhibited a common scheme or plan. *Johnson v. State*, 182 Ga. App. 477, 479 (4) (356 SE2d 101).

5. Defendant contends the jury was tainted since a juror was permitted to view him in handcuffs. Following a recess, defendant reported to the trial court that jurors had seen him in handcuffs during the recess. The jury was returned to the courtroom and the trial court inquired if any jurors had seen defendant outside the courtroom. One juror responded affirmatively and was questioned outside the presence of the remaining jurors. The juror reported that "she caught this one glimpse" of defendant while he was handcuffed and that seeing him under such circumstances would not affect her ability to try the case fairly. The juror was instructed to disregard the incident, make her decision based on the evidence received in court, and to not discuss the matter with any of the other jurors. Defense counsel declined the trial court's offer of an opportunity to voir dire the juror, did not object to the trial court's remedial action, and did not move for mistrial. Such amounted to a waiver of any objection. Even if the matter is viewed as being preserved for appeal these facts and circumstances reveal no abuse of the trial court's discretion. *Howard v. State*, 144 Ga. App. 208, 212 (8), 213 (240 SE2d 908).

6. Relying upon the rule that where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting the defense is error, defendant contends that the trial court erred in failing to instruct the jury as to theft by receiving. However, the offense of theft by receiving is not a defense but an alternative offense with which defendant was not charged and which is not a lesser included offense of those crimes with which defendant was charged. See *Faust v. State*, 189 Ga. App. 426, 427 (2) (375 SE2d 889). While defendant did not suggest that he knew or should have known the property in his possession at arrest was stolen, any evidence in this regard would be relevant only insofar as it supported defendant's position that he was innocent of the burglaries. This enumeration is without merit.

7. The seventh enumeration of error raises an issue as to whether the evidence is sufficient to authorize defendant's conviction on two

counts of burglary. With respect to each of the burglary convictions, defendant's possession of goods stolen in the burglaries supports an inference that defendant is guilty of the burglaries. Taking that inference into consideration along with corroborating evidence, we find that there was sufficient evidence to convince any rational trier of fact beyond a reasonable doubt of defendant's guilt of the burglaries of which he was convicted. *Howard v. State*, 180 Ga. App. 817, 818 (350 SE2d 825). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

8. Next, defendant contends the trial court erred in allowing the State to present evidence of a similar transaction, a burglary with which defendant was not charged. The similar transaction burglary occurred about three or four blocks away and nine days prior to the date of two of the burglaries with which defendant was charged. In the similar transaction, a police officer responding to a burglary call was near the burglarized home when he saw a man at a bus stop in possession of a blue plastic suitcase. Later, at the burglarized home the officer saw a matching blue suitcase, but when the officer returned to the bus stop the unidentified man was gone. Subsequently, the officer happened to see defendant at police headquarters and identified defendant as the man he had seen earlier with the blue suitcase.

"Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. 'However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged.' *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270)." *Oller v. State*, 187 Ga. App. 818, 819 (2) 820 (371 SE2d 455).

Both conditions for admission are satisfied in the case sub judice. The evidence of the independent crime is not rendered inadmissible by the fact that defendant was not arrested and charged with the commission of the independent crime. *Woodard v. State*, 155 Ga. App. 533 (2), 534 (271 SE2d 671). Also, the standard of proof of reasonable doubt is not applicable to the proof that the defendant was the perpetrator of the independent crime. *Williams v. State*, 251 Ga. 749, 784 (312 SE2d 40). There was sufficient similarity between the independent crime and the crime charged, all took place in the same vicinity within a short period of time, during daylight hours, entry was gained by kicking in the doors leaving shoe prints consistent with defendant's shoes, jewelry and cash were taken from each house and defendant was identified near the crime scenes shortly after the burglaries. See *Walraven v. State*, 255 Ga. 276, 278 (4) (336 SE2d 798). This enumeration is without merit.

9. Defendant's final enumeration of error complains of the trial court's admission of both an enlargement and a regular sized print of a photograph of a footprint on the door of one of the burglarized residences. While defendant argues that the cumulative nature of the photographs placed undue emphasis on that evidence, we find no error. Relevant photographs are admissible even if cumulative of other evidence. *Perkins v. State*, 152 Ga. App. 101, 102 (2) (262 SE2d 158). See also *Arnold v. State*, 166 Ga. App. 313, 316 (5) (304 SE2d 118). It does not constitute reversible error for a trial court to admit in evidence more than one photograph tending to prove a fact. *Cagle Poultry &c. Co. v. Busick*, 110 Ga. App. 551 (1), 552, 553 (139 SE2d 461). Similarly, we find no error in the admission of both enlargements and regular size prints of the same photograph.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1989.

*James Archie*, for appellant.

*Robert E. Wilson*, District Attorney, *Robert E. Statham III*, *Robert M. Coker*, Assistant District Attorneys, for appellee.