A90A2176. HALL v. THE STATE.
(401 SE2d 623)

SOGNIER, Chief Judge.

Jeffrey Byron Hall was convicted of aggravated assault and aggravated battery, and he appeals.

1. In six related enumerations appellant contends the trial court erred by admitting evidence of a similar transaction. The aggravated assault and aggravated battery charges arose out of an incident in which appellant, a passenger in an automobile driven by John Christie, leaned out of the car window with a glass Planters Peanut jar in his hand, aimed, and threw the jar at a nine-year-old girl riding her bicycle on the side of the road. The jar hit the victim's shoulder, shattered, and severely cut her face. The car did not stop or return, and the victim testified she could hear someone in the car laughing as the car drove away. The similar transaction occurred approximately one month later. Appellant was again a passenger in Christie's car when Christie, after questioning a thirteen-year-old boy, Clifford Harrell, about the skateboard Harrell was riding and asking to see the wheels, grabbed the skateboard and began trying to pull it through the driver's window. Christie testified that he alone took the skateboard, but Harrell testified that although Christie initiated the theft, appellant joined in when it appeared that Christie would not be able to wrest the skateboard from Harrell. Although Christie testified he had complete control over the skateboard before he drove away, Harrell testified that the car began to move while he was still holding onto the skateboard, that he tried to turn the steering wheel to stop Christie and appellant from driving away with his skateboard, that he was being pulled along with the car, and that he only let go when the car sped away. Harrell observed appellant toss the skateboard into the back of the car.

" 'Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. "However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." [Cit.]' [Cit.]"

*Carter v. State*, 192 Ga. App. 726, 729 (8) (386 SE2d 389) (1989). As to the first condition, although Christie testified that he was the sole perpetrator of the theft of the skateboard, Harrell identified appellant positively as the person who, together with Christie, pulled the skateboard into the car. "[T]he standard of proof of reasonable doubt is not applicable to the proof that the defendant was the perpetrator of the independent crime. [Cit.]" Id. Harrell's testimony was sufficient to support a finding by the jury that appellant was a perpetrator of the independent crime. See *Milner v. State*, 180 Ga. App. 97, 101 (2) (c) (348 SE2d 509) (1986).

As to the second condition, " '[t]here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible.' [Cit.]" *Singleton v. State*, 194 Ga. App. 423, 424 (5) (390 SE2d 648) (1990). The evidence here demonstrates that the similar transaction, like the charged crime, involved violent behavior directed at a child, initiated from within an automobile in which appellant was the sole passenger and Christie the driver, and which callously endangered the young victim. The acts occurred within a month of each other, in the same general area, and roughly at the same time of day. We find that the trial court properly admitted into evidence the similar transaction. See generally id.

2. Since we have held that the evidence of a similar transaction was properly admitted at trial, no harm could have resulted from the admission of a photograph of the victim's scarred face during the pretrial hearing on appellant's motion to exclude the similar transaction evidence, even assuming, arguendo, that admission of the photograph could have unduly prejudiced the trial judge in his ruling on the motion. " 'It is an old and sound rule that error to be reversible must be harmful. [Cit.]' [Cits.]" *Byrd v. State*, 182 Ga. App. 284, 285 (1) (355 SE2d 773) (1987).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 31, 1991.

*Skelly & Buckland, Richard M. Skelly,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.