A96A2079. BISHOP v. THE STATE.
(477 SE2d 422)

BIRDSONG, Presiding Judge.

John Bishop appeals his conviction of one count of theft by deception (OCGA § 16-8-3) and two counts of attempted theft by deception (OCGA §§ 16-4-1; 16-8-3) arising from an averred check "kiting" scheme in which he participated in conjunction with two accomplices, Elizabeth Hardy and Arthur L. Hardy. Appellant enumerates three errors. *Held*:

1. Judicial notice is taken of the record and trial transcript in *Hardy v. State* (Case No. A96A1290). *Rogers v. State*, 195 Ga. App. 446 (1) (394 SE2d 116).

2. On appeal appellant contends the trial court erred by refusing to grant a separate trial for appellant. Although a motion to sever was made by Elizabeth and Arthur Hardy at trial, appellant Bishop did not join in that motion and did not, either before or during trial, tender a motion to sever on his own behalf. See generally *Johnson v. State*, 256 Ga. 588, 590 (2) (351 SE2d 202). Examination of the record in this case and the record and transcript in Case No. A96A1290 reveals no basis for the trial court to grant sua sponte a motion to sever on behalf of appellant Bishop; further, the trial court has no legal duty to grant a motion to sever sua sponte during trial. Compare *Hill v. State*, 239 Ga. 278, 280 (3) (236 SE2d 626) with *Worley v. State*, 237 Ga. 521 (1) (228 SE2d 895) and *Fain v. State*, 165 Ga. App. 188, 191 (7) (b) (300 SE2d 197).

Additionally, the only salient argument advanced by appellant

in support of this enumeration of error is that "a rational jury would not have convicted the defendant but for . . . the highly prejudicial act of not severing the defendants." Appellant has failed to make a clear showing either of prejudice or a consequent denial of due process. " 'The defendant seeking severance must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process.' [Cit.]" *Johnson v. State*, supra at 590 (2). Appellant's first enumeration of error is without merit.

3. Appellant next contends that the trial court erred by refusing to give a directed verdict in favor of appellant since there was not an issue for the jury to decide. "When an enumeration of error is based, as in this case, upon the overruling of a motion for directed verdict of acquittal grounded at trial on insufficiency of the evidence, the proper test for an appellate court to apply is 'the beyond a reasonable doubt test' as expressed in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Williams v. State*, 199 Ga. App. 566, 567 (1) (405 SE2d 716). Appellant's second enumeration is without merit. See Division 4.

4. Appellant's final enumeration is that the verdict is not supported by the evidence.

OCGA § 16-2-21 provides "[a]ny party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted, has been convicted of a different crime or degree of crime, or is not amenable to justice or has been acquitted." The statutory requirements as to when a person is a party to a crime is promulgated in OCGA § 16-2-20. OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (b) (3) provides that a person is concerned in the commission of a crime only if, inter alia, he "[i]ntentionally aids or abets in the commission of the crime." There exists evidence of record from which a rational factfinder could conclude, under the standards of *Jackson v. Virginia*, supra, that appellant was a "party" to the crimes of which he was convicted.

Appellant contends that his conviction of theft by deception and attempted theft by deception cannot stand because the bank ultimately sustained no monetary loss. OCGA § 16-8-3 (a) provides that "[a] person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." " 'Deceitful means' and 'artful practice' do not . . . include falsity as to matters having no pecuniary

significance." OCGA § 16-8-3 (c). However, there exists no requirement of proof of pecuniary loss under the provisions of OCGA § 16-8-3 to sustain a conviction for theft by deception. *Harrell v. State*, 192 Ga. App. 876, 877 (2) (386 SE2d 676); accord *Arnold v. State*, 210 Ga. App. 843, 848-849 (4) (437 SE2d 844). Appellant also asserts that if the bank had followed its own procedures of holding out-of-town checks the account of appellant would not have been overdrawn. This contention is unpersuasive. "The fact that the party alleged to have been defrauded did not exercise reasonable diligence in preventing the fraud affords no defense to the accused." (Citations and punctuation omitted.) Id. at 847, 849, n. 2, citing *Suggs v. State*, 69 Ga. App. 383, 384, hn. 4 (25 SE2d 532). These same legal principles likewise apply to the offenses of attempted theft by deception.

Appellant's other contentions in support of this enumeration also are unpersuasive. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). To support the verdict, circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Under this rule, the State is not required to remove every possibility of innocence of the crime charged. *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769). We conclude that the jury rationally could have found that the admissible evidence of record excluded every reasonable hypothesis except that of the defendant's guilt as to the offenses of which he was convicted; the jury was authorized by the evidence presented to exclude other possible hypotheses as unreasonable (id. at 699). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, supra.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED OCTOBER 22, 1996.

*Gregory S. Dickson*, for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.