## A06A0027. SCOTT v. THE STATE.
### (627 SE2d 904)

JOHNSON, Presiding Judge.

A jury found Arnold Vincent Scott, Jr. guilty of theft by deception. Scott appeals, alleging the trial court erred in denying his motion for directed verdict or motion for new trial because the evidence was insufficient to support the verdict and the trial court erred in its charge to the jury. We find no error and affirm Scott's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the

---

[1] *Bishop v. State*, 223 Ga. App. 285, 287 (4) (477 SE2d 422) (1996).

province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence shows that Scott used his father's social security number in order to obtain a check from RoadLoans.com and buy a 2000 Jeep Grand Cherokee from Team Chrysler. During August and September 2003, Scott expressed his interest in obtaining the 2000 Jeep Grand Cherokee to Team Chrysler's General Sales Manager Posey Grier. Scott filled out a credit application through Team Chrysler, using his own social security number on the application. Team Chrysler's creditors rejected Scott's application as too risky.

Scott then applied to RoadLoans.com for a loan. RoadLoans.com is an internet financing company for new and used cars. The company requires an applicant to provide his social security number so that a credit check may be performed. The company does not allow a co-signor on any of its loans. Scott used his father's social security number in an effort to get approval for the car loan. RoadLoans.com approved Scott's application. RoadLoans.com sent Scott a package containing step-by-step instructions to complete the loan process. At the same time, RoadLoans.com contacted Scott to obtain a copy of his social security card and other corroborating information, but the company never received any material from Scott.

Scott returned to Team Chrysler and tendered a RoadLoans.com check in the amount of $18,710.90 along with a personal check of $3,000. Scott then completed the paperwork at Team Chrysler and drove away with the Jeep Grand Cherokee. Team Chrysler sent RoadLoans.com a signed promissory note completed by Scott, a signed vehicle purchase information form by Scott, a copy of the endorsed check for $18,710.90 containing information on the vehicle, and a Team Chrysler prepared dealer purchase agreement listing Scott's actual social security number. When RoadLoans.com discovered that the social security number used by Scott in his online application was different than the social security number provided to Team Chrysler on the purchase agreement, RoadLoans.com decided to discontinue the financing on the check given to Team Chrysler by Scott.

Grier began to call Scott every hour in an effort to get the Jeep back to the dealership. Grier even drove to the address given by Scott, where he discovered an abandoned house. Grier also discovered that several of the contact phone numbers listed by Scott were blocked

---

[2] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).
[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

when he tried to call them. Ultimately, Grier filed an arrest warrant for Scott. Scott was arrested and the Jeep was recovered.

A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property.[4] Scott argues that the evidence is insufficient to prove he ever obtained the RoadLoans.com check as alleged in the indictment. In support of this argument, Scott points to the following facts: (1) RoadLoans.com never contacted law enforcement to complain of a theft or any acts by Scott, and (2) the RoadLoans.com company representative testified that the company did not suffer any monetary loss as a result of Scott's actions because the company did not give Scott or the dealership any money. According to Scott, the document obtained by him from RoadLoans.com was a draft check that did not become payable until all funding requirements were met. We find no merit to this argument.

OCGA § 11-3-104 (f) (i) defines a check as "a draft, other than a documentary draft, payable on demand and drawn on a bank." The document at issue in this case was made out to Team Chrysler Jeep, signed by Scott and drawn on JP Morgan Bank Texas. Immediately to the left of Scott's signature, the document states: "NOTE: By signing and negotiating this check you become bound by the Note and Security Agreement delivered to you by RoadLoans and bearing the above check number. The following Funding Requirements must be met in order for the draft to be honored." This document meets the definition of a check. It references itself as both a check and a draft and is drawn on a bank. Clearly the check was payable upon demand because the other necessary documentation was presented by Scott to Team Chrysler to return to RoadLoans.com. After completing the funding requirements at Team Chrysler, Scott tendered the check and took possession of the Jeep.

Even though RoadLoans.com was able to stop the crime prior to the actual funding of the check and never lost the amount of the check, the charge of theft by deception is still valid. It is not necessary for the state to prove any pecuniary loss on the part of RoadLoans.com, the victim of the theft by deception by Scott's use of his father's social security number.[5] The crime of theft by deception was complete when Scott received the check and tendered it to the dealer.

---

[4] OCGA § 16-8-3.

[5] See *Bishop*, supra at 286-287 (4); *Harrell v. State*, 192 Ga. App. 876, 877 (2) (386 SE2d 676) (1989).

A rational jury was authorized to find Scott guilty beyond a reasonable doubt of theft by deception because Scott deceived Road-Loans.com and subsequently obtained a draft check from the company for $18,710.90.[6]

2. Scott contends the trial court's instructions to the jury were defective because the instructions "failed to identify the victim and convey that the State was required to prove beyond a reasonable doubt that Mr. Scott obtained in excess of $500 from the RoadLoans company." According to Scott, the inadequate jury instructions likely resulted in the jury finding that obtaining the vehicle by presenting the draft/check constituted the offense of theft by deception. We find no harmful error. In determining whether harmful error occurred in a court's charge to the jury, we look to the charge as a whole.[7] Here, the trial court began its charge by stating the following:

> The District Attorney of this county has accused the defendant of the offense of theft by deception. The accusation states the exact offense. Please read it carefully. This accusation was returned to the court on November 21 of 2003.
>
> To this accusation, the defendant has entered a plea of not guilty, and that makes the issue that you have been selected and sworn to try. . . .

The accusation sent out with the jury charged Scott with theft by deception in that he:

> did obtain property, to wit: U.S. Currency by deceitful means in that the accused created another's impression of an existing fact which was false and the accused knew to be false by using another person[']s social security number on a loan application to Road Loans while representing that it was the social security number of the accused with the intent of depriving the owner of the property and the value thereof exceeds $500.00, contrary to the laws of said State, the good order, peace and dignity thereof.

The trial court subsequently defined the offense of theft by deception, and informed the jury that if it found that Scott committed "the alleged offense," the jury form would be: "We, the jury, find the defendant, Arnold Vincent Scott, guilty of theft by deception of more than $500." In examining the charge as a whole, we find that the

[6] *Bishop*, supra.
[7] See *Roberson v. State*, 236 Ga. App. 654, 656 (1) (b) (512 SE2d 919) (1999).

charge properly informed the jury regarding the offense with which Scott was charged. We find no harmful error.

3. Scott argues that the trial court erred in declining to order recordation of the voir dire. However, there is no requirement that the trial court have voir dire recorded in a theft by deception case.[8] Moreover, the trial court noted in its order denying Scott's motion for new trial that all objections to the voir dire process were recorded. This enumeration of error lacks merit.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 3, 2006.

*Akil K. Secret*, for appellant.
*David McDade, District Attorney, James E. Barker, Christopher R. Johnson, Assistant District Attorneys*, for appellee.

---

[8] See *State v. Graham*, 246 Ga. 341 (271 SE2d 627) (1980); *Conley v. State*, 157 Ga. App. 166, 166-167 (1) (276 SE2d 677) (1981).